[No. 11565.   In Bank. — December 10, 1888.]

## CHARLES ROBINSON, RESPONDENT, *v.* JOHN P. DUNN, STATE CONTROLLER, APPELLANT.

LEGISLATURE — COMPENSATION OF EMPLOYEES — MEANING OF WORD "DAY." — The compensation of the porters of the senate is fixed by law at four dollars per day.   The word "day" covers whatever portion of the twenty-four hours the senate chooses to remain in session.

ID. — GIFTS — EXTRA COMPENSATION AFTER SERVICE RENDERED. — The legislature has no power to make gifts to its employees, or to allow them extra compensation after service rendered.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Attorney-General Johnson,* and *D. M. Delmas,* for Appellant.

*James C. Cary,* and *J. D. Sullivan,* for Respondent.

HAYNE, C.—Appeal by the defendant from a judgment commanding him to draw his warrant in favor of the plaintiff for the sum of sixty dollars. The plaintiff was porter of the senate during the session of 1885, and bases his claim upon the following resolution of that body, viz.:—

"Whereas, during the present session of the legislature the senate has been in session during a period of several weeks from eleven o'clock, A. M., to eleven o'clock, P. M., thus entailing extra work, amounting to sixteen hours, upon the porters, pages, watchmen, gate-keepers, mail-carrier, and the mailing clerk,—

"*Resolved,* That the pages, porters, watchmen, gate-keepers, mail-carrier, and the mailing clerk be and they are hereby allowed one dollar per day for extra services for the session, and the controller is hereby authorized and directed to draw his warrants in the sum of sixty dollars for each of the above enumerated employees, payable out of the contingent fund of the senate."

This resolution is alleged in the complaint to have been passed a few days before the end of the session. And from this fact and from its language it is apparent that the compensation was for services which had been already rendered. The idea upon which the resolution rests is, that the services were "extra," or in other words, something outside of the regular duties of the employment. And since it is not pretended that the services were different in kind from the regular duties, they are "extra" because they were for a longer time than seems to have been considered usual. But the compensation of the porters is fixed by law at "four dollars per day."

(Pol. Code, sec. 268.)   They are not paid by the amount of work which they do, but by the day.   And we think it too clear for discussion that the word "day," as used in the statute, covers whatever period of the twenty-four hours the legislators choose to remain in session.   The language of the law fixing the compensation of the employees is similar to that fixing the compensation of the legislators themselves, who are allowed "eight dollars per day."   And it would be as reasonable to say that extra compensation should be made for a long session in the one case as in the other.   The services, therefore, were not "extra," but were such as the employees were bound to render.   And this being the case, the sum voted to them must either have been a gift or extra compensation "after service has been rendered," both of which are expressly forbidden by the constitution.   (See sections 31 and 32 of article 4.)

This view of the case renders it unnecessary to express any opinion as to whether the legislature has in any case power to recognize a merely moral claim.

We therefore advise that the judgment be reversed, with directions to dismiss the proceedings.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, and the court below directed to dismiss the proceedings.