[No. 14483.   In Bank. — December 31, 1891.]

JAMES W. RANKIN, PLAINTIFF AND PETITIONER, v. E. P. COLGAN, STATE CONTROLLER, DEFENDANT AND RESPONDENT.

CONSTITUTIONAL LAW — APPROPRIATION FOR SERVICES — PRESUMPTION — EVIDENCE ALIUNDE — EXTRA COMPENSATION TO OFFICER — GIFT. — The act of the legislature of March 31, 1891, appropriating money to pay James W. Rankin for services rendered the state, under appointment by the governor, not being void on its face, must be presumed in payment of a legal and just claim, and the court will not look into evidence *aliunde* to determine whether it awards extra compensation to an officer after the service has been rendered, or constitutes a gift in violation of the provisions of the constitution.

APPLICATION to the Supreme Court for a writ of *mandamus.* The facts are stated in the opinion of the court.

*J. C. Campbell,* for Petitioner.

*Attorney-General Hart,* for Respondent.

PATERSON, J. — This is an application for a writ of mandate to require Hon. E. P. Colgan, state controller, to draw his warrant on the treasurer in favor of the petitioner for the sum of $250.

The application is based upon an act of the legislature, approved March 31, 1891, the material portion of which reads as follows: " The sum of $250 is hereby appropriated out of any moneys in the state treasury not otherwise appropriated, to pay James W. Rankin for services in the state treasurer's òffice during the period elapsing from November 13, 1884, to December 15, 1884, both dates inclusive, under appointment by Governor George Stoneman, on .account of the delinquencies of Arthur January, deputy state treasurer."

Respondent filed an answer denying that the petitioner ever performed any services for the state except such as has been fully paid for, and claiming that the act referred to is unconstitutional and void, in that it violates the provisions of subdivision 29 of section 25, and sections 31 and 32, of article IV. of the constitution, because it attempts to award extra compensation to an officer after the service has been rendered, or is a gift of public money.

The act is not void on its face. It does not purport to award extra compensation, and we cannot assume that the legislature intended to do so. The nature of the services rendered under and by virtue of his appointment by Governor Stoneman does not appear. As chief executive of the state, the governor always has full power to protect public property. We must presume that the legislature before passing the act, and the governor before approving it, made inquiry as to the nature of the ser-

vices for which the petitioner claimed compensation, and found that the claim was legal and just.

The act, on its face, is at least as fair and free from suspicion as the one which we had under consideration in *Stevenson* v. *Colgan*, 91 Cal. 649. We held there that the act being valid on its face, no authority is conferred upon the court to look into evidence *aliunde*, to determine whether it was a gift in violation of the provisions of the constitution.

It follows that the matters set up in the answer of the respondent herein cannot be considered, and that the petitioner is entitled to the writ prayed for.

It is ordered that a writ of mandate issue under the seal of this court, commanding the respondent, as controller of the state, to draw his warrant on the treasurer of the state in favor of the petitioner for the sum of $250.

DE HAVEN, J., McFARLAND, J., SHARPSTEIN, J., and GAROUTTE, J., concurred.

Rehearing denied.