[No. 14545.   In Bank. — February 9, 1892.]

A. J. BOURN, PETITIONER, v. W. H. H. HART ET AL., CONSTITUTING THE STATE BOARD OF EXAMINERS, RESPONDENTS.

CONSTITUTIONAL LAW — VALIDITY OF STATUTE — JUDICIAL NOTICE — PLEADING — FACTS ALIUNDE — DEMURRER. — In passing upon the constitutionality of a statute, only the facts appearing upon the face of the law, taken in connection with matters of which the court can take judicial notice, will be considered; and an averment of facts *aliunde*, in a pleading in which the validity of the statute is involved, must be disregarded upon demurrer.

ID. — GIFT OF PUBLIC MONEY — PAYMENT FOR INJURIES TO SERVANT. — A legislative appropriation made to an individual in payment of a claim for damages on account of personal injuries sustained by him while in the service of the state, and for which the state is not responsible, either upon general principles of law, or by reason of some previous statute creating such liability, is a gift within the meaning of section 31, article IV., of the constitution, prohibiting the legislature from making any gift of public money.

ID. — NEGLIGENCE — LIABILITY OF STATE — MASTER AND SERVANT — ASSUMPTION OF RISK — ORDERS OF SUPERIOR OFFICER. — The state is not liable for the negligence or misfeasance of its agents or officers, unless voluntarily assumed by the legislature. In entering the service of the state, where the state has assumed no previous responsibility for the negligence of its servants, an employee of the state assumes all the risks attending the employment, whether arising from its ordinary perils or resulting from the negligence or misfeasance of other servants of the state, and the state is under no legal liability to compensate him for any loss or injury which he may sustain while in the discharge of his duties, notwithstanding the injury is caused by the negligence of a superior officer, under whose orders he acted when the loss or injury was sustained.

ID. — RESPONDEAT SUPERIOR — EXEMPTION OF STATE — PUBLIC POLICY. —
The exemption of the state from liability to its servants, for damages
for injuries sustained by them in its service, rests upon grounds of public
policy, which deny its liability for such damages.

ID. — ASSUMPTION OF LIABILITY — SPECIAL ACT — GENERAL LAW. — After
the occurrence of an injury to a servant of the state in the course of his
employment, the state cannot assume any liability therefor, by a special
act appropriating money to pay damages for which it was not previously
liable. If the state desires to make itself liable for such damages as may
be sustained by those in its service, it must do so by a general law which
shall embrace all cases which may come within its provisions.

PETITION to the Supreme Court for a writ of *mandamus* to the state board of examiners. The facts are stated in the opinion of the court.

*Robert T. Devlin,* and *Jud C. Brusie,* for Petitioner.

The act of the legislature is not subject to review by the courts or the board of examiners, as it was practically a judicial act. (*State* v. *Noyes,* 47 Me. 189, 204; *Franklin* v. *Board of Examiners,* 23 Cal. 173; *People* v. *Pacheco,* 27 Cal. 175; *People* v. *Dayton,* 55 N. Y. 367; *Hovey* v. *Foster,* 118 Ind. 502; *People* v. *McFadden,* 81 Cal. 499; 15 Am. St. Rep. 66; *Gentile* v. *State,* 29 Ind. 413; *Longworth* v. *Common Council,* 32 Ind. 322; *State* v. *Tucker,* 46 Ind. 355; *Vickery* v. *Chase,* 50 Ind. 461; *Kelly* v. *State,* 92 Ind. 236; *Johnson* v. *Board,* 107 Ind. 15; *Wiley* v. *Corporation of Bluffton,* 111 Ind. 152; *City of Wichita* v. *Burleigh,* 36 Kan. 34, 42; *Wilson* v. *Board of Trustees,* 133 Ill. 443; *Merchants' Union Barb Wire Co.* v. *Brown,* 64 Iowa, 275; *Longan* v. *County of Solano,* 65 Cal. 122, 125; *Davis* v. *City of Los Angeles,* 86 Cal. 37; *Hall* v. *Steele,* 82 Ala. 562; *Cass Township* v. *Dillon,* 16 Ohio St. 38, 41.) The act was passed to pay a claim made by the plaintiff, and this action was absolutely conclusive on the court, and on every one. (*Carter* v *State,* 42 La. Ann. 927; 21 Am. St. Rep. 404.) The constitutional provision prohibiting the legislature from making any " gift " was intended to prevent the giving of a "*bonus,*" and was not intended to apply to the settlement of claims, whether they had great or little merit, or no merit at all. (2 Constitutional Debates, 820; Const., art. IV., sec. 31.) The word

"gift" should be used in its popular sense,— a *bonus;* a gratuitous donation without consideration, and without any reasonable claim to it. (*Miller* v. *Dunn*, 72 Cal. 465; 1 Am. St. Rep. 67; *Yosemite Stage Co.* v. *Dunn*, 83 Cal. 264; Civ. Code, sec. 1146.) The payment of the plaintiff's claim is in no sense a gift, as the loss of his arm was caused "in direct discharge of his duties as such," and in obedience to his employer, and the state was therefore liable. (Cooley on Torts, 2d ed., 141, *123; Bishop on Non-contract Law, sec. 749; *Farnell* v. *Bowman*, L. R. 12 App. C. 643, 649; *Hettikewage Siman Appu* v. *Queen's Advocate*, L. R. 9 App. C. 571.) The state has the power to pay claims and recognize obligations, although they are not enforceable by action, and have no other than moral force. (*Cole* v. *New York*, 102 N. Y. 48, 53, 54; *O'Hara* v. *New York*, 112 N. Y. 146, 151, 152; 8 Am. St. Rep. 726; *Mount* v. *State*, 90 Ind. 29; 46 Am. Rep. 192; *New Orleans* v. *Clark*, 95 U. S. 644; *Town of Guilford* v. *Supervisors*, 13 N. Y. 143; *Thomas* v. *Leland*, 24 Wend. 65; *Brewster* v. *Syracuse*, 19 N. Y. 116; *Broadhead* v. *Milwaukee*, 19 Wis. 658; *Hilbish* v. *Catherman*, 64 Pa. St. 160; *Weister* v. *Hade*, 52 Pa. St. 480; *Speer* v. *School Directors*, 50 Pa. St. 150.) The following acts are some that have allowed claims against the state in cases where the state would not be liable if a private individual: Stats. 1880, pp. 9, 121; Stats. 1881, pp. 4, 24; Stats. 1883, pp. 294, 378; Stats. 1885, pp. 1, 25, 56, 78; Stats. 1887, pp. 14, 15, 24, 25, 74, 76, 83, 132, 133, 235, 236; Stats. 1889, pp. 2, 4, 40, 41, 42, 48, 49–51, 55, 64 –66, 141, 146, 154, 199, 202, 218, 219, 527, 399; Stats. 1891, pp. 9, 181, 221, 222, 260, 422, 510, 512. (See also opinion No. 72 of attorney-general, construing Stats. 1891, p. 512.) The practical and contemporaneous exposition of the constitution is entitled to the greatest weight in construing it. (*People* v. *Dayton*, 55 N. Y. 367, 378; Cooley's Constitutional Limitations, *69; *Washington* v. *Page*, 4 Cal. 388; *Scanlan* v. *Childs*, 33 Wis. 663, 666; *Stuart* v. *Laird*, 1 Cranch, 299.) Every presumption is in favor of the constitutionality of the

act. (*S. & V. R. R. Co.* v. *Stockton*, 41 Cal. 159; *People* v. *San Francisco*, 36 Cal. 601; *People* v. *Burbank*, 12 Cal. 384; *Hobart* v. *Supervisors of Butte Co.*, 17 Cal. 30; *Smith* v. *Judge Twelfth District*, 17 Cal. 551.)

*Attorney-General Hart*, for Respondent.

The court will take judicial notice of the facts, and nature of the services rendered by petitioner, for which he claims the right to the appropriation, and of all the evidence before the legislature in reference thereto. (Code Civ. Proc., sec. 1875; *Faekler* v. *Wright*, 86 Cal. 210; *Sharon* v. *Sharon*, 79 Cal. 633, 697; *Grennan* v. *McGregor*, 78 Cal. 258, 262; *Oakland Paving Co.* v. *Hilton*, 69 Cal. 479; *People* v. *Williams*, 64 Cal. 91; *People* v. *Hagar*, 52 Cal. 188.) The state is not liable for the torts nor for the negligence of its officers. (Story on Agency, sec. 319; Shearman and Redfield on Negligence, sec. 249; Cooley on Torts, 2d ed., 141; Cooley's Constitutional Limitations, 6th ed., 301; *Alamango* v. *Supervisors*, 25 Hun, 551; *Lewis* v. *State*, 96 N. Y. 74; 48 Am. Rep. 607; *Sipple* v. *State*, 99 N. Y. 284; *Niles Laundering Co.* v. *Herman*, 105 N. Y. 234; 59 Am. Rep. 496; *Clodfelter* v. *State*, 86 N. C. 52; 41 Am. Rep. 440; *Chidsey* v. *Canton*, 17 Conn. 475; *Morgan* v. *Hallowell*, 57 Me. 375; *Reed* v. *Belfast*, 20 Me. 248; *Scales* v. *Ordinary*, 41 Ga. 225; *Hollenbeck* v. *Winnebago Co.*, 95 Ill. 148; 35 Am. Rep. 151; *Symonds* v. *Clay County*, 71 Ill. 355; *Kincaid* v. *Hardin Co.*, 53 Iowa, 430; 36 Am. Rep. 236; *Green* v. *Harrison Co.*, 61 Iowa, 311; *Gibbons* v. *United States*, 8 Wall. 269; *Sherbourne* v. *Yuba Co.*, 21 Cal. 113; 81 Am. Dec. 151; *Huffman* v. *San Joaquin Co.*, 21 Cal. 427; *Crowell* v. *Sonoma Co.*, 25 Cal. 315; *Winbigler* v. *Mayor*, 45 Cal. 36; *Chope* v. *City of Eureka*, 78 Cal. 588; 12 Am. St. Rep. 113; *Tranter* v. *City of Sacramento*, 61 Cal. 271; *Barnett* v. *Contra Costa Co.*, 67 Cal. 77; *Bank* v. *Bartlett*, 78 Cal. 301; *Hunsaker* v. *Borden*, 5 Cal. 288; 63 Am. Dec. 130; *Green* v. *State*, 73 Cal. 32.) The appropriation was a gift, and therefore not authorized by law. (Civ. Code, sec. 1146; *Robinson* v. *Dunn*, 77 Cal. 475; 11 Am. St. Rep. 297; *Heslep* v. *City of Sacramento*,

2 Cal. 580; *Frey* v. *City of Fond du Lac*, 24 Wis. 205; *Cunningham* v. *Moore*, 55 Tex. 373; *City of Galveston* v. *Pasrusky*, 62 Tex. 119; 50 Am. Rep. 517; *Kelly* v. *Corpus Christi*, 50 Tex. 614–629; 32 Am. Rep. 613; *City* v. *Pierce*, 46 Tex. 525; 26 Am. Rep. 279; *Hill* v. *Boston*, 122 Mass. 355; 23 Am. Rep. 332; *Hafford* v. *New Bedford*, 16 Gray, 297; *Pedler* v. *Proprietor*, 7 Mass. 187; 5 Am. Dec. 135; *Holman* v. *Townsend*, 13 Met. 297; *Brady* v. *City of Lowell*, 3 Cush. 121; *Fisher* v. *Boston*, 104 Mass. 87; 6 Am. Rep. 196; *Bigelow* v. *Inhabitants of Randolph*, 14 Gray, 543; *French* v. *Boston*, 129 Mass. 592; 37 Am. Rep. 393; *Tindley* v. *Salem*, 137 Mass. 171; 50 Am. Rep. 289; *Benton* v. *Trustees*, 140 Mass. 13; 54 Am. Rep. 436; *McKenna* v. *Kimball*, 145 Mass. 555; *Prince* v. *Lynn*, 149 Mass. 193; *McCutcheon* v. *Homer*, 43 Mich. 484; 38 Am. Rep. 212; *Detroit* v. *Blackby*, 21 Mich. 84; 4 Am. Rep. 450; *Cooley* v. *C. F. of E.*, 27 N. J. L. 415; *Livermore* v. *C. F. of C.*, 29 N. J. L. 245; *Pray* v. *Jersey City*, 32 N. J. L. 394; *Jernee* v. *Monmouth*, 52 N. J. L. 555; *Eastman* v. *Meredith*, 36 N. H. 285; 72 Am. Dec. 302.) The authorization of payment by the legislature did not give a cause of action, as none existed before. (*Green* v. *State*, 73 Cal. 39; *Bank* v. *Bartlett*, 78 Cal. 301.) The court can go behind the act, and investigate the facts upon which the legislature acted, to determine whether or not the appropriation was made in violation of any of the provisions of the constitution. (*French* v. *Teschemaker*, 24 Cal. 518, 539; *Jones* v. *Jones*, 12 Pa. St. 354, 355; 51 Am. Dec. 611; *Cronise* v. *Cronise*, 54 Pa. St. 255, 263; *Fowler* v. *Peirce*, 2 Cal. 168, 169; *McCauley* v. *Brooks*, 16 Cal. 43–65; *Springer* v. *Green*, 46 Cal. 73; *State* v. *Babcock*, 22 Neb. 47; *State* v. *Wallichs*, 14 Neb. 444; 40 Am. Dec. 198; Cooley's Constitutional Limitations, 6th ed., 57–59; *Marbury* v. *Madison*, 1 Cranch, 137, 153.) Even if the act in question was conclusive of the fact that the petitioner had a claim against the state, yet the passage of the act usurped the functions of the court, and its action to that extent was void. (*De Chastellux* v. *Fairfield*, 15 Pa. St. 18, 20; 53 Am. Dec. 572; *State* v. *Babcock*, 22 Neb. 45.)

De Haven, J. — This is an original proceeding, wherein the petitioner asks this court to issue a writ of *mandamus* directed to the defendants, as members of the state board of examiners, commanding them to allow his claim against the state for the sum of ten thousand dollars, in accordance with the provisions of an act of the legislature, the first section of which, and the only one necessary to a proper understanding of this case, is as follows: —

" Sec. 1.  The sum of ten thousand ($10,000) dollars is hereby appropriated out of any moneys in the general fund of the state treasury not otherwise appropriated, to pay the claim of A. J. Bourn, a guard at the state prison at San Quentin, in this state, for personal injuries, namely, the loss of his right arm while in the discharge of his duties, under the orders of his superior officer, and while in the service of the state of California."

The petition sets forth the circumstances under which petitioner lost his arm, but which need not be referred to here, as we have held, in the case of *Stevenson* v. *Colgan*, 91 Cal. 649, that the constitutionality of a statute must be determined by the court from what appears on its face, when considered with reference to matters judicially noticed by the court.

The defendants have demurred to the petition, upon the general ground that the act under which petitioner claims is unconstitutional under sections 31 and 32 of article IV. of the constitution, which in effect provide, among other things, that the legislature shall have no power to make any gift of any public money or thing of value to any individual, or to grant any extra compensation or allowance to any public officer or servant of the state, " after service has been performed, or a contract has been entered into and performed in whole or in part."

In the case of *Stevenson* v. *Colgan*, 91 Cal. 649, we decided that it was the purpose of these sections of the constitution to prohibit the legislature from making direct " appropriations to individuals from general considerations of charity or gratitude, or because of some supposed moral obligation resting upon the people of the

state, and such as a just and generous man, although under no legal liability so to do, might be willing to recognize in his dealings with others " less fortunate than himself.

That such is the intention of the constitution we have no doubt, and it is equally clear to us that the act in question falls within the class of legislation thus prohibited. The petitioner was an officer or employee of the state. It is recited in the act that he met with the accident " while in the discharge of his duties under the orders of his superior officer," and, for the purpose of this decision, it may be conceded, as claimed by him, that the loss of his arm is to be attributed to the negligence of his superior officer. But whether it be attributed to negligence or misfeasance of such officer, or any other cause which can be suggested by the language of the act, the unconstitutionality of the statute is apparent. In entering the service of the state, the petitioner assumed all the risks attending such employment, whether arising from its ordinary perils or resulting from the negligence or misfeasance of other servants of the state, and the appropriation made by this act is a mere gratuity, as the state was under no legal liability to compensate him for any loss which he may have sustained while thus in the discharge of his duties.

That a state is not liable for the negligence or misfeasance of its agents, except when such liability is voluntarily assumed by its legislature, is said by Danforth, J., in *Lewis* v. *State*, 96 N. Y. 74, 48 Am. Rep. 607, to be so " well settled upon grounds of public policy, and the doctrine is so uniformly asserted by writers of approved authority and the courts, that fresh discussion would be superfluous." And the supreme court of the United States, in *Gibbons* v. *United States*, 8 Wall. 269, in an opinion delivered by Mr. Justice Miller, say: " No government has ever held itself liable to individuals for the misfeasance, laches, or unauthorized power of its officers and agents."

In the case of *Clodfelter* v. *State*, 86 N. C. 51, 41 Am. Rep. 440, the plaintiff presented a claim against the state for damages on account of the loss of his eyes, alleged

to have been caused by the misconduct and negligence of officers and agents of the state, under whose authority and control he was placed. By the constitution of that state the court was empowered with authority "to hear claims against the state." But the court held that this provision only authorized it to hear such claims "as are legal and could be enforced if the state, like one of its citizens, was amenable to process," and added: "The only question then presented is, whether the state, in administering the functions of government through its appointed agents and officers, is legally liable to a claim in compensatory damages for an injury resulting from their misconduct or negligence. That the doctrine of *respondeat superior* applicable to the relations of principal and agent created between other persons does not prevail against the sovereign in the necessary employment of public agents is too well settled upon authority and practice to admit of controversy."

The exemption of the state from paying damages for accidents of this nature does not depend upon its immunity from being sued without its consent, but rests upon grounds of public policy which deny its liability for such damages. It is argued, however, that the state has in this instance assumed and acknowledged its liability by the act under consideration. But this is precisely what the legislature is forbidden to do. A legislative appropriation made to an individual in payment of a claim for damages on account of personal injuries sustained by him while in its service, and for which the state is not responsible, either upon general principles of law or by reason of some previous statute creating such liability, is a gift within the meaning of the constitution. The appropriation made to petitioner was a mere gratuitous assumption of an obligation from which the state was and is exempt, and is within the mischief which the framers of the constitution intended to remedy by the sections before referred to.

If the state desires to make itself liable for such damages as may be sustained by those in its service, it must

do so by a general law which shall embrace all cases which may come within its provisions.

The demurrer to the petition is sustained, and judgment ordered for the defendants.

SHARPSTEIN, J., PATERSON, J., McFARLAND, J., and HARRISON, J., concurred.

BEATTY, C. J., dissenting. — I dissent. In my opinion, the word "gift" was not used in section 31, article IV., of the constitution in a sense broad enough to include compensation to a servant of the state for loss of life or limb in the discharge of his duties. Nor do I think such compensation is to be regarded as extra compensation for services, within the prohibition of the succeeding section of the same article. .