## HAWKS et al. v. BLAND.

No. 22906. Opinion Filed Feb. 9, 1932.

Rehearing Denied March 29, 1932.

J. Berry King, Atty. Gen., and W. C. Lewis, Asst. Atty. Gen., for plaintiffs in error.

Calvin P. Boxley and Blakeney, Ambrister & Wallace, for defendant in error.

RILEY, J. Here is involved a gift of public money for private purposes. This is an action in mandamus whereby it is sought to force the State Highway Commission to audit, allow, and pay a claim of $5,000 to Mrs. Bland, based upon a claim for the death of her husband, a former employee of the state in its Highway Department, whose death was caused by a strain and injury to his intestines resulting from his attempt to push a state owned automobile.

There is no appropriation out of which this claim can be paid; there was no money appropriated by the resolution, conceding for the moment that an appropriation may be made by a resolution, which is not the case, for a resolution is the mere expression of an opinion and not an enactment of law. Words & Phrases.

A bill and a resolution of the Legislature are entirely different in their creation, nature, and purpose. Such difference is shown

in the case of Hawes & Co. v. Wm. R. Trigg Co., 110 Va. 165, 65 S. E. 538; Words & Phrases (2) vol. 2, p. 1234:

"An act of Congress governs all persons under the jurisdiction of the enacting power, whereas a 'joint resolution' is merely a rule for the guidance of the agents and servants of the government."

And again, at p. 6173, Words & Phrases (1):

"A resolution is not a law, but merely the form in which the legislative body expresses an opinion." Village of Altamont v. B. & O. S. W. Ry. Co. (Ill.) 56 N. E. 340; Chicago & N. P. R. Co. v. Chicago (Ill.) 51 N. E. 596; Reynolds v. Blue, 47 Ala. 711.

The characteristic feature of a resolution of a legislative body is its enacting clause, "Be it Resolved." State v. Delesdenier, 7 Tex. 76.

"A resolution is ordinarily passed without the forms and delays which are generally required by Constitutions * * * prerequisites to the enactment of valid laws. * * * It need be read but once, and may be passed by a viva voce vote without calling the ayes and noes. * * *" Cape Girardeau v. Fougue. 30 Mo. App. 551; Words & Phrases, supra; Sawyer v. Lorenzen & Weise (Iowa) 127 N. W. 1091; Pensacola v. Southern Bell Telephone Co. (Fla.) 37 So. 820; Jacksonville v. Ledwith (Fla.) 7 So. 885, 9 L. R. A. 69, 23 Am. St. Rep. 558.

This resolution declares that:

"Section 1. There is appropriated out of any moneys in the state treasury, to the credit of the highway construction and maintenance fund, not otherwise appropriated, the sum of $5,000," etc.

Whereas there is no money in the state treasury to the credit of the highway construction and maintenance fund not otherwise appropriated, but, to the contrary, the very specific whole of the highway construction and maintenance fund is by its creation made an appropriation for construction of highways. Section 18, ch. 48, S. L. 1923-24; chapter 50, art. 4, S. L. 1931.

Since the said construction and maintenance fund is appropriated for road purposes, since it is constituted of taxes levied and collected for the designated purpose, by the highest of mandate, section 19, art. 10, Constitution, its use for any other purpose is inhibited.

If the resolution has the standing and dignity of a law, it is a special law, and if it is a special law, it is unconstitutional unless it be advertised as required by the Constitution as a condition precedent to enactment of a special or local law. Section 32, art. 5, Constitution.

These Highway Commissioners are directed by the writ to pay this claim. They cannot do so. The State Treasurer is the state's paymaster, but he is not a party to the action. The State Auditor is not a party. However, we pass the question of defect of necessary parties to the action, and revert to the original issue that herein is involved a gift of public money for private purposes.

"To justify any exercise of this power," says R. C. L., in reference to the power to levy taxes, "the expenditure * * * must be for some public service, or some object which concerns the public welfare." "This principle," says the text, "is fundamental and underlies all government that is based on **reason** rather than **force."**

But let us contemplate the foundation of this fundamental law, for it is quite firm. It is:

"To lay with one hand the power of the government on the property of the citizen, and with the other to bestow it upon favored individuals and private enterprise and build up private fortunes, is none the less a **robbery** because it is done under the forms of law. * * * This is not legislation, it is a **decree** under legislative forms."

So adjudged the Supreme Court of the United States. Citizens Sav., etc., Ass'n v. Topeka, 20 Wall. 655, 22 U. S. (L. Ed.) 455.

Please note in the cited decision that on gifts of public money by the Supreme Court of the United States, the basis is not the Constitution, but the inalienable right of man as known to the Declaration of Independence. In other words, neither governments nor Constitutions exist for the purpose of making the rich richer or the poor poorer, nor for the purpose of bestowing gratuities upon any citizen, whether that citizen be rich or poor.

In the case of Bourn v. Hart (Cal.) 28 P. 951, 15 L. R. A. 431, 27 Am. St. Rep. 203, it was held that the Legislature had no right to appropriate money in payment of a claim for injuries to a guard at a state prison, occasioned by the negligence of his superior officers in directing him to assist in recapturing escaped convicts, as the state was neither liable on general principles of law nor under and by virtue of statute, whereas the appropriation was clearly a "gift" within the prohibition of constitutional provisions.

It is the constitutional right of all citizens of this state to know that no favored individual will receive bounty from the state treasury. Hanson v. Vernon, 27 Iowa 28, 1 Am. Rep. 281; Union Ice & Coal Co. v.

Ruston, 135 La. 898, 66 So. 262, L. R. A. 1915B, 859; 1. Bl. Com. 127; Murchi v. Cornell, 155 Mass. 60, 14 L. R. A. 492, 31 Am. St. Rep. 526, 29 N. E. 207; 1 Thomp Corp. 48; State v. Sug. Ref. Co., 108 La. 606, 32 So. 965. When such is not the case, governments sometimes sink into the slough of financial despondency, and unless they right themselves, as governments they cease to be.

R. C. L. points out (par. 27, p. 43, vol. 26) that while it is universally agreed that an attempt to raise or spend tax money for private purposes is unconstitutional, the authorities are not in agreement in respect to the particular constitutional provision thereby violated. The power to tax and the power to appropriate money of the public treasurer to public purpose is expressly thereto limited in many Constitutions.

Section 14, art. 10, Constitution of Oklahoma:

"Taxes shall be levied and collected by general laws, and for public purposes only."

Moreover, our Constitution specifically states, section 15, art. 10:

"The credit of the state shall not be given * * * to any individual, * * * nor shall the state * * * make donation by gift * * * to any company, association, or corporation."

If invalidity appears on the face of the instrument (act of Legislature or resolution) by reason of a "gift" being thereon apparent, the courts will hold the act unconstitutional. Conlin v. Supervisors, 99 Cal. 17, 33 P. 753. 37 Am. St. Rep. 17, 21 L. R. A. 474; Stevenson v. Colgan, 91 Cal. 649, 27 P. 1089, 25 Am. St. Rep. 230, 14 L. R. A. 459; Rankin v. Colgan, 92 Cal. 605, 28 P. 673; Bourn v. Hart, supra.

A gift, as used in this section, intends all appropriations for which there is no authority or enforceable claim on which rests alone some material equitable obligation which in the mind of a generous or even just individual dealing with his own money might induce him to recognize as worthy of his reward. Conlin v. Supervisors, supra.

A gift, within the meaning of this section, is a gratuitous transfer of the property of the state voluntarily and without consideration. Yosemite State, etc., v. Dunn, 83 Cal. 264, 23 P. 369.

A moral obligation will not make a transaction other than a gift. Molineux v. State, 109 Cal. 378, 42 P. 34, 50 Am. St. Rep. 49.

The Legislature has no power to make gifts to its employees or to allow them extra compensation after service rendered. Robinson v. Dunn, 77 Cal. 473, 19 P. 878, 11 Am. St. Rep. 297. To say nothing of bestowing a gift upon dependents of a former employee. An appropriation for a purpose not public is inconsistent with the duty of maintenance of a republican form of government guaranteed by state and federal Constitution. Beech v. Bradstreet, 85 Conn. 344, 82 Atl. 1030, Ann. Cas. 1913B, 946.

It is contrary to implied and express limitations of governmental power which is essential to all free governments (Deal v. Miss. Co., 107 Mo. 464, 14 L. R. A. 622; McCullough v. Brown, 41 S. C. 220, 23 L. R. A. 410; State v. Davidson, 114 Wis. 563, 58 L. R. A. 739), for if there is any restriction implied, expressed, or inherent in the spirit of American Constitutions it is that the state and its subdivisions shall confine themselves to the business of government, for which they were created and not for the power to take from all to give to one, for that would be a broader purpose than that for which a state is formed and constitute a denial of due process of law (Allen v. Jay, 60 Me. 124, 11 Am. Rep. 185), and a mere spoilation of the individual.

The matter is subject to judicial review and not foreclosed by the legislative act. State v. Cornell, 53 Neb. 556, 74 N. W. 59, 68 A. S. R. 629, 34 L. R. A. 513.

Does the bounty conferred by this resolution constitute a public use? Usage and precedent in this state say no. In the past (1915) an appropriation was passed by the Legislature to pay for the death loss of officers in the State Penitentiary at McAlester, who lost their lives in the service of the state and in line of duty. The act was vetoed by Governor Williams for obvious reasons expressed in lengthy annotations in Williams' Annotated Constitution under the section of the Constitution inhibiting gifts by the state. That precedent has been maintained, so far as we are informed, until now.

The promotion of the interests of individuals, although it may result incidentally in the advancement of the public welfare, is in its essential character a private and not a public object.

It is necessary in order that use be regarded as public that money appropriated should be for the benefit of the whole community, or at least a large portion of it. In re Madera Irrigation Dist., 92 Cal. 266, 28 P. 272, 14 L. R. A. 755, 27 A. S. R. 106.

When an appropriation is obviously intended to benefit a particular class, to say nothing of an individual, at the expense of the public, courts will interfere.

"A statute granting pensions to persons who had passed out of the public service

before enactment of the statute has been held unconstitutional in jurisdictions in which gift of public moneys is expressly forbidden by the Constitution." 26 R. C. L. 69; Mahon v. Bo. of Edu., 171 N. Y. 263, 63 N. E. 1107, 89 A. S. R. 810.

In this state, by the Constitution, the policy is that no officer shall be retired "on pay or part pay," nor shall the Legislature make "any grant to such retiring officer," section 47, art. 5, Const., except that cities may be authorized "to pension meritorious and disabled firemen." Section 41, art. 5, Constitution.

"The Legislature shall pass no law granting to any * * * individual any exclusive rights. * * *" Section 51, art. 5, Constitution.

"Where a general law can be made applicable, no special law shall be enacted." Section 59, art. 5, Constitution.

If the Legislature has power to make such appropriations, it should have, by general law, provided for all who suffer by state services rendered.

The Legislature has no right to pay the family or dependent of a person who died in the civil service of the state when the only public advantage is such as may be incidental and collateral to the relief of a private citizen. In re Opinion of Justices, 175 Mass. 599, 57 N. E. 675, 49 L. R. A. 564.

Where specific constitutional prohibitions against gifts of public money exist, public money cannot be lawfully appropriated to meet an obligation, however just and equitable, unless it is of such a character that it could be enforced in a court of law. Colin v. San Francisco (Cal.) 21 L. R. A. 474.

The purpose of the sections of the Constitution of Oklahoma quoted is to prohibit the Legislature from making direct appropriations to individuals from general considerations of charity or gratitude or because of some moral obligation resting upon the people of the state and such as a just and generous man might be willing to recognize in his dealings with others less fortunate than himself. Bourn v. Hart, supra.

It is clear that the resolution falls within this class of legislation thus prohibited.

Let us admit negligence, though none is shown. Let us admit misfeasance, though none is contended. Yet the unconstitutionality of the appropriation is apparent.

In entering service of the state an employee assumes all risk attending such employment, whether arising from negligence or misfeasance of other servants of the state.

Thus the appropriation is a mere gratuity, as the state was under no legal liability to compensate for any death loss which the employee may have sustained while in the discharge of his duties. This doctrine is so "well settled upon grounds of public policy and the doctrine is so uniformly asserted by writers of approved authority and the courts, that fresh discussion would be superfluous." Lewis v. State, 96 N. Y. 74.

So says the Supreme Court of the United States, Gibbons v. United States, 8 Wall. 269, 19 L. Ed. 453:

"No government has ever held itself liable to individuals for the misfeasance, laches or unauthorized exercise of power by its officers or agents." Clodfelter v. State, 86 N. C. 51.

That the doctrine of respondeat superior does not prevail against the sovereign "is too well settled, upon authority and practice, to admit of controversy." And the recognition by appropriation of the Legislature of such a claim, for which the state is not responsible, either upon general principles of law or by reason of some previous statute creating such liability, is a gift within the meaning of the Constitution. It is "a mere gratuitous assumption of an obligation from which this state was and is exempt and is within the mischief which the framers of the Constitution intended to remedy by the sections before referred to." Bourn v. Hart, supra.

"If the state desires to make itself liable for such damages as may be sustained by those in its service, it must do so by a general law, which shall embrace all cases which may come within its provisions."

The cause is reversed.

HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, C. J., CLARK, V. C. J., and McNEILL and KORNEGAY, JJ., dissent.