Legislators — Retirement System — Contributions The Board of Trustees of the Public Employees Retirement System may require additional contributions, as calculated by the System's Actuary, from a member of the Legislature in order to fund the minimum retirement benefits provided by 74 O.S. 913 [74-913](d) (1968). The Attorney General has had under consideration your letter dated November 15, 1968, wherein you state the following: "The amount of employee and employer contributions received in behalf of a legislator will not fund the retirement benefits described in 74 O.S. 913 [74-913](d) (1968) without additional contributions since legislators in the past have only received a salary of approximately $2,708.00 per year. For example, ordinarily a member of the Retirement System with six (6) years of prior service and four (4) years of participating service with the same final average salary of $2,708.00 per year would receive approximately $41.28 per month in retirement benefits as compared to the $100.00 per month provided in 74 O.S. 913 [74-913](d) (1968)." You then in effect inquire as follows: May the Board of Trustees of the Oklahoma Public Employees Retirement System require additional contributions, as calculated by the System's Actuary, from a legislator in accordance with his individual years of service to fund his retirement benefits as provided in 74 O.S. 913 [74-913](d) (1968)? O.S.L. 1968, ch. 400, Section 2 (74 O.S. 913 [74-913](d) (1968)), contains the language of the statute referred to in your inquiry and provides as follows: ". . . (d) all elected state officials now or hereafter serving as a state elected official and having completed eight (8) years or more of credited service as an elected state official and having paid to the Oklahoma Public Employees Retirement System sufficient contributions which shall be determined by the Board of Trustees shall receive a minimum of Seventy-five Dollars ($75.00) monthly benefits and shall receive an additional Twelve Dollars and fifty cents ($12.50) per month for each additional year of service not to exceed total benefits of Two Hundred Dollars ($200.00) per month as provided in this subsection. . . ." This new statute imposes three requirements upon elected state officials before they can participate in the minimum benefits. In order to satisfy all three requirements and qualify for the minimum benefits provided for in 74 O.S. 913 [74-913](d) (1968), supra, all elected state officials must (1) serve as a state elected official; (2) complete eight years or more of credited service as an elected state official; and (3) pay to the Oklahoma Public Employees Retirement System sufficient contributions which shall be determined by its Board of Trustees. An individual who has satisfied the first two requirements of the statute but has not contributed sufficient funds to the retirement system, as determined by its Board of Trustees, for the minimum benefits can be required by such Board of Trustees to make additional contributions to such fund, as calculated by the System's Actuary, in order to qualify for the minimum retirement benefits provided for in 74 O.S. 913 [74-913](d) (1968), supra. This would prevent the benefits from becoming a gratuitous pension with the majority of the funds coming from money contributed by other parties. If 74 O.S. 913 [74-913](d) (1968), supra, was interpreted to mean that all elected state officials are to receive the minimum benefits provided for without first satisfying all requirements, this would constitute a gift or grant to such officials in that their contributions would not be sufficient to qualify for the minimum benefits and they would in effect be receiving benefits far in excess of the amount to which they would otherwise be entitled. Such gift or grant would be contrary to the Oklahoma Constitution, Article X, Section 15 and render the statute unconstitutional. This was exemplified in the case of Hawks v. Blank, 156 Okl. 48, 9 P.2d 720 (1932), in which the Supreme Court of Oklahoma stated: "It is the constitutional right of all citizens of this state to know that no favored individual will receive bounty from the state treasury. . . . "Moreover, our Constitution specifically states, Article X, Section 15 : "`The credit of the state shall not be given . . . to any individual . . . nor shall the state . . . make donation by gift. . . .' "The Legislature has no power to make gifts to its employees or to allow them extra compensation after service rendered. ". . . N or shall the Legislature make 'any grant to any retiring officer, Article V, Section 47 Constitution. . . .'" It is, therefore, the opinion of the Attorney General that the Board of Trustees of the Oklahoma Public Employees Retirement System may require additional contributions, as calculated by the System's Actuary, from a member of the Legislature in order to fund the minimum retirement benefits provided by O.S.L. 1968, ch. 400, Section 2 (74 O.S. 913 [74-913](d) (1968)). (Gary F. Glasgow) ** SEE: OPINION NO. 76-303 (1976) **