Senate Resolution — Bonus — Employee Under the provisions of the Oklahoma Constitution, ArticleV, Section 49 it is unconstitutional for the Oklahoma State Senate, by senate resolution, to pay a bonus to a senate employee. The Attorney General has had under consideration your request for an opinion, wherein you enclosed Senate Resolutions Nos. 40 and 41, passed by the Senate on April 28, 1969, which order the payment of $1,000.00 bonuses to the Senate Comptroller and the Chief Sergeant at Arms of the First Session of the Thirty-second Oklahoma Legislature, respectively. You then, in effect, ask: Is it constitutional for the Oklahoma State Senate, by Senate resolution, to pay a bonus to a Senate employee? S.B. 215, Section 1, 32nd Legislature, 1st Session (1969), which amended O.S.L. 1968, ch. 309, Section 1 (74 O.S.Supp. 1968 Section 292[74-292] [74-292]), provides in pertinent part: "The State Senate shall, at the beginning of each regular or special session, provide by simple resolution for the employment of its temporary employees in such number and at such emolument not exceeding that below designated: Position Number Rate of Pay Per Day . . . Chief Sergeant-at-Arms 1 $20.00 The positions of permanent employment within the Senate and the salaries attached thereto shall be prescribed by the President Pro Tempore of the State Senate in such number and at such emolument not exceeding that below designated: (ED Note: List of Positions, See Opinion) Comptroller I $850.00" . . . ." (Emphasis added) 82 C.J.S., Statutes Section 1, p. 19, states in part: "Since a resolution or order is not a law, and a resolution of a legislative body is not a law, and since a joint resolution is a form of legislation used chiefly for administrative purposes of a local or temporary character a resolution or joint resolution has been distinguished from a law or statute, although a resolution passed by both branches of the legislature and approved by the governor may have the force of law to accomplish its intended purpose." In the first paragraph of the syllabus of Hawks v. Bland, 156 Okl. 48, 9 P.2d 720
(1932), the court held: ". . . (b) a resolution is the mere expression of an opinion and not an enactment of law:" This writer is aware that the case of Board of Commissioners of Marshall County v. Shaw, 199 Okl. 66,182 P.2d 507 (1947), overruled in part Hawks v. Bland, supra, to the effect that a joint resolution approved by both houses of the legislature and the Governor, which is not otherwise unconstitutional, may be an enactment of law. Such is not the case here, in that Senate Resolutions Nos. 40 and 41 are not joint resolutions, but are simple resolutions only passed by the Senate. Thus, S.B. 215, supra, would prohibit the payment of said bonuses provided in said Senate Resolutions Nos. 40 and 41, and the constitutionality of said resolutions becomes moot. However, as to the constitutionality of Senate Resolutions Nos. 40 and 41, Oklahoma Constitution, Article V, Section49 is pertinent, and states: "The legislature shall not increase the number of emolument of its employees, or the employees of either House, except by general law, which shall not take effect during the term at which such increase was made." Thus, not only are Senate Resolutions Nos. 40 and 41 in violation of S.B. 215, supra, but they are in violation of Oklahoma Constitution, Article V, Section 49 in that the emolument of Senate employees can only be increased by general law, not to take effect during the term at which the increase is made. Senate Resolutions Nos. 40 and 41, are not general laws; in fact, they are not laws at all, special or general. Therefore, they are in violation of the Oklahoma Constitution. It is therefore the opinion of the Attorney General that your question be answered in the negative, in that it is unconstitutional, for the Oklahoma State Senate, by Senate resolution, to pay a bonus to a Senate employee. (Robert D. McDonald)