Dear Assistant Director Crowell,
The Attorney General is in receipt of your request for an opinion, wherein you ask the following questions:
1. Would the award to state employees or other persons of plaquesor service pins purchased from state funds by a state agency be anunconstitutional expenditure of state monies?
 2. If your answer to the first question is in the negative, would suchan expenditure from the general operating funds of a state agency be alegal expense without specific statutory authority authorizing such apractice?
Regarding your first question, while Article X, Section 14 and Section 15 of the Oklahoma Constitution have both been applied to such questions in the past, Article X, Section 14 provides a more clearly precise answer and will, therefore, be the basis of this discussion. Article X, Section 14 provides:
 "Taxes shall be levied and collected by general laws, and for public purposes only, except that taxes may be levied when necessary to carry into effect Section thirty-one of the Bill of Rights. Except as required by the Enabling Act, the State shall not assume the debt of any county, municipal corporation, or political subdivision of the State, unless such debt shall have been contracted to defend itself in time of war, to repel invasion, or to suppress insurrection." (Emphasis added).
It has been repeatedly held by Oklahoma courts that Article X, Section 14 prohibits the expenditure of State funds for private purposes of any type. Veterans of Foreign Wars of United States, Department of Oklahoma v. Childers, 197 Okla. 331, 171 P.2d 618 (1946); Hawks v. Bland,156 Okla. 48, P.2d 720 (1932). The Oklahoma Supreme Court has said by means of its syllabus:
 "Under Article X, Section 14, of the Constitution, no tax can be levied and collected, except for public purposes, and under Article X, Section 19, of the Constitution, no tax levied and collected for one purpose shall ever be devoted to another purpose. It follows, therefore, that no appropriation of funds in the state treasury can be made for other than a public purpose." Veterans of Foreign Wars of United States, Department of Oklahoma v. Childers, supra.
Previously, this office had occasion to rule that a cash award to be given by a proposed State Commission to a member of the Indian race for his contributions to mankind would be unconstitutional. It was ruled, in part, that the expenditure of State funds in such a case would be for a private rather than public purpose. 5 Okla. Op. A.G. 24. In determining that a public purpose would not be the object of such an award, the Attorney General quoted the language of the Oklahoma Supreme Court as follows:
 "The promotion of the interests of individuals, although it may result incidentally in the advancement of the public welfare, is in its essential character a private and not a public object." Hawks v. Bland, 156 Okla. at 50, 9 P.2d at 723.
Likewise, under the facts presented in your question, the award of plaques or service pins purchased from State funds, while possibly incidental to the advancement of the public welfare, would be for a primarily private purpose and thus contrary to the requirement of ArticleX, Section 14 of the Oklahoma Constitution. Inasmuch as your first question must be answered in the affirmative, there is no need to consider your second question.
It is, therefore, the opinion of the Attorney General that your initialquestion be answered in the affirmative. An award to State employees orother persons of plaques or service pins purchased from State funds by aState agency would be violative of Article X, Section 14 of the OklahomaConstitution, in that such an expenditure would be for a private ratherthan public purpose.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
DANNY K. SHADID, ASSISTANT ATTORNEY GENERAL