Dear Director Hesser,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
Does the Legislative intent in a concurrent resolution supersede therules and regulations approved and implemented by the Commissionfollowing the procedures of the Administrative Procedures Act?
Generally, a legislative body uses a "resolution" to express an opinion or purpose with respect to a given matter or thing that is temporary in nature while "law" is intended to direct or control permanently matters applying to persons and things in general. State ex rel. Jones v. Atterbury, Mo. 300 S.W.2d 806, 817 (1957). In Hawkes et al. v. Bland, Okla. 9 P.2d 720 (1932) the Syllabus by the Court holds that a resolution is the mere expression of an opinion and not an enactment of law.
A concurrent resolution which is passed by both legislative houses does not have the force and effect of law, but expresses legislative opinion and wishes.
Therefore, it is the opinion of the Attorney General that a ConcurrentResolution would not have the force and effect of law and would notsupersede the rules and regulations promulgated by the Commission wherethe procedures of the Administrative Procedures Act are followed.However, a resolution is a rule for the guidance of the agents andservants of the government and a constructive attempt should be made tofulfill the directives of the Legislature.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
VICTOR G. HILL, JR., ASSISTANT ATTORNEY GENERAL