Dear Chairman Hesser,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
Does the requirement that tax monies be expended for public purposesonly, as discussed in 12 Okla. Op. A.G. ___ (Opinion No. 79-78), apply tothe "promotional fee" collected of farmers pursuant to 2 O.S. 1030(1978)?
In Opinion No. 79-78, it was made clear that the expenditure of tax monies must be for purposes which are public in nature. Awards to individuals, while tangentially benefiting the public interest, are essentially private in nature, and therefore, contrary to the provisions of Article X, Section 14 of the Oklahoma Constitution which requires that taxes be spent for public purposes only. 12 Okla. Op. A.G. ___, citing, Hawks v. Bland, 156 Okla. 48, 9 P.2d 720 (1932) and Veterans of Foreign Wars of United States, Department of Oklahoma v. Childers,197 Okla. 331, 171 P.2d 618 (1946).
The "promotional fee" referred to in your inquiry is established in 2 O.S. 1030 (1978), which provides in pertinent part:
 "There is hereby assessed a fee of three-fourths cent ($0.0075) per bushel upon all wheat marketed by wheat growers, as defined herein, in the State of Oklahoma and sold through commercial channels, beginning ninety (90) days after this act shall become effective. The fee is assessed and imposed on the grower at the time of sale or delivery, and shall be collected and remitted by the first purchaser to the commission. Under the provisions of this act, no wheat shall be subject to a fee more than once." (Emphasis added) .
You suggest that the fee in question is strictly voluntary in nature, presumably due to a statutory refund provision which may be invoked at will by any wheat grower not wishing to be subject to such a "fee". This refund is authorized pursuant to 2 O.S. 1035 (1971), which provides:
 "Any person, firm or corporation subject to the fee provided in this act that objects to the collection of the fee may, within one hundred twenty (120) days following such collection, make application to the Director of the commission for a refund of such fee and upon receipt of said application such refund shall be made within thirty (30) days. Application forms for refund purposes shall be furnished by the commission and shall be made available at all places where the fee provided in this act is required to be collected."
Notwithstanding such an allowance for refund, the collection of a "promotional fee" by the Oklahoma Wheat Commission is a tax. The Oklahoma Supreme Court has so ruled in Olustee Co-operative Association v. Oklahoma Wheat Utilization Research and Market Development Commission,391 P.2d 216 (Okla. 1964). In that case, the Supreme Court construed a statute almost identical in content to 2 O.S. 1030. The older statute was codified as 2 O.S. 1011 (1963) and provided:
 "There is hereby assessed a fee of two and one-half (2 1/2) mills per bushel upon all wheat marketed in the State of Oklahoma after January 1, 1964, and sold through commercial channels, beginning January 1, 1964, or as soon thereafter as this Act shall become effective. The fee is assessed and imposed on the grower at the time of sale or delivery, and shall be collected and remitted by the first purchaser to the commission, except that no fee shall be assessed in any county exempt under the provisions of this Act. Under the provisions of this Act, no wheat shall be subject to the fee more than once." (Emphasis added) .
In Olustee, 2 O.S. 1011 was attacked judicially in 1965 due to its discriminatory application. (The older legislation required that the fee be assessed on only those wheat growers who resided in counties of 10,000 or more "wheat acres.") The initial issue to be resolved by the Oklahoma Supreme Court was whether the fee established in 2 O.S. 1011 was a tax. After adopting language found in 51 Am.Jur. Taxation, 3 and 84 C.J.S. Taxation, 1, the Court stated that "the proposed assessment would be a tax." Olustee, supra at 218.
It should be noted that the possibility of a refund under the current law does not change the status of the promotional fee as a tax. Indeed, at the time of the Olustee decision, an identical refund was made available pursuant to 2 O.S. 1016 (1963). The Oklahoma Supreme Court, knowing of the existence of such a refund provision, still found that the promotional fee was a tax.
The constitutional requirement of Article X, Section 14 of the Oklahoma Constitution that tax monies be spent for public purposes only, applies to all taxes. However, the question as to whether a particular expenditure is for a public purpose, as mandated by Article X, Section 14, is a question of fact to be determined under the circumstances of any given situation. By legislative declaration, the promotion of "markets and industries for the utilization of wheat" grown by Oklahoma farmers is a public purpose. 2 O.S. 1028 (1971). Yet, each expenditure by the Oklahoma Wheat Commission must be scrutinized individually as a matter of fact to determine if said expenditure is truly a part of a promotional program.
Careful examination of such expenditures should be made by the Oklahoma Wheat Commission before submitting its requests to the Director of State Finance who is empowered to authorize or deny an expenditure in accordance with the law. 62 O.S. 41.13 (1971).
It is, therefore, the opinion of the Attorney General that yourquestion be answered as follows: The collection of a "promotional fee"from Oklahoma wheat growers by the Oklahoma Wheat Commission constitutesa tax, notwithstanding the possibility that such a tax is refundable upondemand. These monies collected by the Oklahoma Wheat Commission aresubject to the provisions of the Oklahoma Constitution regardingexpenditures of taxes. All expenditures of such taxes by Oklahoma WheatCommission must be for a public purpose pursuant to Article X, Section 14of the Oklahoma Constitution. Whether a particular expenditure is for apublic purpose is a question of fact and must be determined on a case bycase basis.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
DANNY K. SHADID, ASSISTANT ATTORNEY GENERAL