The Attorney General is in receipt of your request for an official opinion wherein you inquire concerning House Bill 1647 (O.S.L. 1980, Ch.__), Second Session, 37th Oklahoma Legislature, and in particular the appropriation contained in 4 thereof, having specific reference to four designated events: the Oklahoma Forestry Show, the Oklahoma Dairy Show, the Oklahoma Poultry Show and the Oklahoma Broiler Show. You have asked for an official opinion as to the constitutionality of proposed expenditures for these four shows in the light of A.G. Op. No. 80-163. Okla. Const., Article X, Section 14 provides: "Taxes shall be levied and collected by general laws, and for public purposes only . . ." Okla. Const., Article X, Section 15, provides: ". . . nor shall the State . . . make donation by gift, subscription to stock, by tax, or otherwise, to any company, association or corporation." Under these two constitutional provisions, it has long been the settled rule of law in Oklahoma that public funds cannot be used to assist individuals, private organizations or associations in their functions or activities, no matter how wholesome or beneficial the purposes or activities of such entities may be as to that portion of the public with which they come in contact. Veterans of Foreign Wars v. Childers, 197 Okl. 331, 171 P.2d 618 (1946); Vette v. Childers, 102 Okl. 140, 228 P. 145 (1924); Hawks v. Bland,156 Okl. 48, P.2d 720 (1932). In addition, it has been held that the activity funded must be performed by the State itself in the exercise of its governmental functions, Id., or it may be performed by a non-state entity under contract with the State to perform some service the State is under a pre-existing legal obligation to provide. Childrens Home Welfare Assn. v. Childers,197 Okl. 243, 171 P.2d 613 (1946). There are common themes running through each show. Each show involves some aspect of agriculture, an important industry to be sure, but private and non-governmental. Each show provides an opportunity for competition among private individuals who elect to participate. Competitors are awarded prize money for the most successful entries. The prize money for this competition is paid in part from funds appropriated to each show. Other items of expense include advertising, entertainment, food and refreshment, rent of space and equipment, purchase of supplies and equipment, and wages. With respect to the last item, "wages," the Oklahoma Supreme Court has held specifically that an appropriation to pay the salary of one not an employee or officer of the State is unconstitutional under Okla. Const., Article X, Section 15. Veterans of Foreign Wars v. Childers, supra. The appropriated moneys are paid to an officer of each show, who deposits them in a private bank account, and the expenses of the show are paid by the officer from that account. Vette v. Childers, supra, held unconstitutional a state appropriation of $1,250,000 to invest in first mortgage bonds on warehouse property to be owned, operated and controlled by a farmers' cooperative association for storage of grain, cotton, broomcorn, hay, wool, live stock, poultry products, and other agricultural products. The appropriation was struck down by the court as having been made in violation of Okla. Const., Article X, Section 14, Article X, Section 19. The court specifically addressed the question of whether there was a sufficient public purpose in this financial aid to agriculture to rescue the appropriation from the challenge that had been made to its constitutionality: "Is the appropriation * * * for a public purpose, within the contemplation of the Constitution limiting the expenditure of public funds to public purposes? It may be conceded that the operation and control of a system of warehouses for the storage of agricultural products, * * * is a business which is affected with a public interest and therefore subject to state regulation and control, but it does not follow that a business affected with a public interest, and as such, subject to state regulation and control, can be assisted by an appropriation from the treasury of the state. If so, various public utility corporations under the regulation and control of state government might also be assisted by appropriations of funds raised by taxing the citizens of the state." * * * "While the establishment and operation of the system of warehouses might ultimately result in a benefit to the entire farming class of the state and by reason of the encouragement given to this industry might result in a general benefit to the entire public, the direct object of this appropriation is for the assistance of the group of individuals who shall own, operate, and control the warehouses." The Attorney General is well aware of the importance of the events in question to the agricultural community in Oklahoma. However, we cannot differentiate this situation from the strikingly similar situation before the Supreme Court in the Vette case. It is, therefore, the official opinion of the Attorney General that the appropriations made in House Bill No. 1647, Second Regular Session, 37th Oklahoma Legislature, 4, for funding the Dairy Show, the Poultry Show, the Broiler Show, and the Forestry Show are unconstitutional under Okla. Const., Article X, Section 14, Article X, Section 15. (Floyd W. Taylor) ** See: Opinion no. 87-100 (1987) ** ** See: Opinion No. 80-206 (1980) ** (Ed. note: Pork Barrel Legislation)