# FRANKS v. CITY OF PONCA CITY.

## No. 23036. Dec. 18, 1934.

Maris & Maris, for plaintiff in error.

R. O. Wilson, City Atty., for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Kay county, Okla., denying the claim of the plaintiff against the defendant for an amount claimed as salary due for services rendered as chief of police.

The defense was that the plaintiff was not a de jure officer and that a de facto officer is not entitled to a salary. The record shows that the plaintiff was a de facto officer and that no other person claimed title to the office.

The provisions of the charter of the defendant, which are applicable, are as follows:

"Section 45. Qualifications. Every person elected or appointed to any office in the city of Ponca City must be a qualified elector, and, before he enters upon the discharge of his duties, take the official oath prescribed by the Constitution of the state of Oklahoma and such additional oath as the board of commissioners may prescribe. Should any

officer cease to possess any of the qualifications prescribed or required of him, that fact shall operate as a vacation of his office and he shall not thereafter perform any of the duties incident thereto.

"Section 46. 'Officer' Defined. The term 'officer' shall apply only to those elected by the people or appointed or confirmed by the board of commissioners for a fixed and definite period, and does not include policemen, except the chief of police, and does not include other agents and employees."

"Section 74. Police. The board of commissioners shall have power to establish and maintain a city police department, including a chief of police, and to appoint such policemen as it shall deem necessary.

"Section 75. Qualifications of Policemen. No person shall be eligible to appointment, or be appointed or serve as a policeman or officer of police of the city of Ponca City, who shall have been convicted of any offense, the punishment for which may be confinement in the state penitentiary; nor shall any person be appointed who is not shown to be of good character, or who cannot read and write the English language, or who does not possess ordinary physical strength and courage. All policemen and firemen of the city of Ponca City shall hold their position during good behavior and shall not be removed from the same except for such cause as renders them unfit to remain in the service of the city, and after written notice, giving the grounds for such discharge or removal and an opportunity to be heard on such charges or reasons."

The plaintiff contends that he was a qualified elector within the meaning of those provisions, though he admits that he was not a qualified elector in the city of Ponca City.

The trial court committed no error in holding that the charter provisions referred to qualified electors of the city of Ponca City, and, inasmuch as the plaintiff was not a qualified elector of the city of Ponca City, the trial court committed no error in holding that the plaintiff was not a de jure officer of the city.

The record shows that the charter of the city created the office; that there was no de jure officer; that there was no one claiming the right to the office other than the plaintiff; that the plaintiff was a de facto officer of the city, and that he performed the duties of the office.

The remaining question is whether or not a de facto officer, under those facts and circumstances, is entitled to the emoluments of the office. We confine this portion of this decision to a determination of that question.

Different jurisdictions have applied different answers to the question. We quote from some of them as follows:

"Where there is no de jure officer claiming an office, a de facto officer, who has performed the service and paid his expenses in so doing, may recover the same from the state." State ex rel. Baca v. Otero, State Auditor (N. M.) 267 P. 68.

"De facto officer, after ceasing to be such, may compel payment of salary for period in which he discharged duties of office, and may recover salary due, where there was no de jure officer during such period." Roberts et al. v. People ex rel. Duncan (Colo.) 255 P. 461.

"* * * It has been held in this state that a de facto officer can demand pay for his services, and there is much authority to the same effect. * * * And there was no de jure claimants to the office and the salary incident thereto, so it clearly appears that they were entitled to receive pay. * * *" Uhr v. Brown (Tex. Civ. App.) 191 S. W. 379.

"One who becomes a public officer de facto without dishonesty or fraud on his part, and who renders the services required of such public officer, may recover the compensation provided by law for such services during the period of their rendition." Erwin v. City of Jersey City (N. J.) 37 Atl. 732, 64 Am. St. Rep. 54.

To the same effect are the decisions in State ex rel. Kleinsteuber v. Kotechi (Wis.) 144 N. W. 200; Elledge v. Wharton (S. C.) 71 S. E. 657; Standard Oil Co. v. Henry (Ind.) 133 N. E. 742; Bowlin v. Franklin County (Miss.) 120 So. 453; and the text statement in 46 Corpus Juris, 1059, section 377, as follows:

"Since the collection of the salary annexed to the office is an incident to the title, a de facto officer has no legal right to the emoluments of the office. It has, however, been held that an actual incumbent of a public office who is an officer de facto is entitled to the compensation attached to the office, where there is no adverse contestant or de jure officer, and he has acted in good faith with prima facie evidence of right to perform the duties."

We think this to be the better rule, and it is applied herein.

The trial court erred in refusing to render judgment for the plaintiff in the amount prayed for. For that error the judgment is reversed and the cause is remanded, with directions to render judgment in accordance herewith.

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. RILEY, C. J., dissents. WELCH, J., absent.