CARTER, State Auditor, v. THOMAS.

No. 25784.    June 11, 1935.

J. Berry King and Fred Hansen, for plaintiff in error.

J. B. A. Robertson, for defendant in error.

BAYLESS, J. Maude O. Thomas, hereinafter called plaintiff, instituted an action in the district court of Oklahoma county against F. C. Carter, as State Auditor of the state of Oklahoma, hereinafter called defendant, for a peremptory writ of mandamus to require the defendant to audit and allow a certain claim filed by the plaintiff. The district court granted plaintiff judgment, and the defendant brings this appeal.

The case was tried upon an agreed statement of facts, a summary of the pertinent parts thereof is as follows:

Lew H. Wentz was appointed Highway Commissioner for a term of six years, as provided by chapter 68, S. L. 1929, and duly qualified and entered upon the performance of the duties of said office; Wm. H. Murray, a later Governor of the State of Oklahoma, made an order attempting to remove Wentz from said office and attempting to appoint plaintiff as his successor; plaintiff was surreptitiously and forcibly placed in possession of said office and was maintained therein by force until she could obtain a restraining order from a court, by virtue of all of which facts she occupied said office and attempted to exercise the functions thereof until the decision of this court in the case of Wentz v. Thomas, 159 Okla. 124, 15 P. (2d) 65. During all of this time Wentz claimed said office and did not abandon, resign, or otherwise vacate the office or accede to the plaintiff's occupation thereof, except in so far as he was restrained by force and the authority of a court order which was later vacated. During all of said time the defendant refused to audit or allow the salary or expense claims of the plaintiff. Thereafter the Fourteenth Legislature enacted chapter 150, S. L. 1933, by which was appropriated $4,024.28 to compensate plaintiff for her services while so holding said office, and to reimburse her for her expenses; and the plaintiff thereupon filed her claim for the money so appropriated, but the defendant refused and still refuses to audit or allow her claim against said appropriation.

The status of plaintiff was judicially determined by this court in the case of Wentz

v. Thomas, supra, wherein we held that plaintiff was the de facto holder of said office, but that Wentz was the de jure holder of said office, and his claim to the office was at all times adverse to the claim of plaintiff, and paramount and superior thereto.

The plaintiff first contends that the rule as laid down in Franks v. Ponca City, 170 Okla. 134, 38 P. (2d) 912, and Naylor v. Carter, 167 Okla. 125, 27 P. (2d) 843, imposes a legal liability on the state to pay plaintiff's salary. That rule is stated as follows:

"A de facto officer who has performed the duties of his office may recover the salary thereof, where there is no de jure officer claiming the office."

But, according to the stipulation filed herein, that rule is not applicable because the stipulation recites that the defendant, Wentz, at all times asserted his claim to the office. We think the true rule is stated in 22 R. C. L. at page 600, as follows:

"A mere intruder is not entitled to the salary, fees and perquisites of the office occupied by him, especially when he enters into the office by force or fraud."

And in Meehan v. Freeholders of Hudson, 46 N. J. Law, 276, 50 Am. Rep. 421, the syllabus reads:

"One getting possession of a public office forcibly and without authority cannot recover the salary thereof from the public."

In the body of the opinion, the court said:

"It was not the design of the judgment in the court of errors, nor is it its legitimate effect, to give countenance or encouragement to those who are willing by force or fraud to obtrude in places lawfully assigned to others nor to permit such person to profit by the emoluments belonging thereto."

We therefore conclude that the plaintiff has no legal claim for her salary.

But plaintiff insists that, regardless of any legal liability, the Legislature of Oklahoma, with full knowledge of the law announced by this court and of all of the facts of the case, nevertheless, has appropriated the money with which to pay plaintiff's claim, and that the Legislature's discretion and power to appropriate is without limit in our state.

The plaintiff is in error. By section 15, art. 10, Constitution of Oklahoma, the Legislature is prohibited from making a gift of the revenues of the state of Oklahoma. The word "gift," as used in our Constitution, has been defined by this court to mean:

"A gift, as used in this section, intends all appropriations for which there is no authority or enforcible claim on which rests alone some material equitable obligation which in the mind of a generous or even just individual dealing with his own money might induce him to recognize as worthy of his reward."

See Hawks v. Bland, 156 Okla. 48, 9 P. (2d) 720. We are therefore of the opinion that under the above-cited authorities a part of this appropriation was clearly a gift as defined therein, and as such is clearly prohibited by section 15, art. 10, Constitution of Oklahoma.

We hold, however, that what we have just said does not in law or in equity apply to that part of the claim consisting of the expenses incurred in the performance of the duties of the office after plaintiff had entered into said office. This portion of the claim was not treated separately in the briefs. We have not been cited any authority for treating the expenses of a de facto officer as being in the same or a different class from the compensation of the office. We have not found any such authority in our search.

The law relating to the legal and binding effect upon the public of the duties performed by a de facto officer during an unauthorized holding of an office is well settled. Morford v. Territory, 10 Okla. 741, 62 P. 958; and 22 R. C. L. 601, sec. 324. Since to all intents and purposes the performance of the duties of the office by the plaintiff was as effectual as if they had been done by Wentz, and since no contention is made that the items of expenses in connection therewith were unnecessary, improper or excessive, and since no other good reason is advanced against the payment of this part of the claim, we are of the opinion that that part of the claim should be allowed and paid, since the Legislature authorized the payment and made an appropriation after said expenses had been incurred.

We cannot treat the item of $100 for the bond premium as coming within what we have said regarding the claim for expenses. The right to give a bond in this instance, if one was necessary, was inseparably bound up in the validity of the plaintiff's appointment. We have heretofore held that the appointment was illegal, and for this reason

no bond was proper, and this item of. the claim must fall along with the compensation for the office.

The judgment of the trial court is therefore reversed in so far as it directs the defendant to audit, allow, and pay that part of the plaintiff's claim for salary in the sum of $3,129.03, and for bond premium in the sum of $100; and is affirmed in so far as it directs the payment of the expenses incurred in the performance of the duties of said office in the sum of $795.25.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, WELCH, PHELPS, and GIBSON, JJ., concur. CORN, J., dissents.