## STATE ex rel. WOODS v. ELK CITY et al.

No. 26309.    Sept. 8, 1936.

Rehearing Denied Dec. 22, 1936.

Darnell, Gibson & Loving, for plaintiff in error.

E. G. McComas and T. R. Wise, for defendants in error.

OSBORN, V. C. J. This action was instituted in the district court of Beckham county by the state of Oklahoma ex rel. Matt Woods, hereinafter referred to as plaintiff, against the city of Elk City, F. C. Gowdy, Joe Van Auken, Leonard Brunk, and John Tomlinson, hereinafter referred to as defendants. The defendant Gowdy was mayor of the city of Elk City, and the other defendants were city commissioners. The action was instituted under the provisions of sections 5964 and 5965, O. S. 1931, which provide for a recovery of double the amount of money unlawfully expended by certain public officials, at the suit of an interested taxpayer. From an order sustaining a general demurrer to plaintiff's petition and dismissing the action, plaintiff has appealed.

Under the provisions of the charter of Elk City the mayor and commissioners constituted the governing board of the city and were authorized to appoint a city manager and to fix his salary. It is alleged that during the month of September, 1933, Gowdy was appointed city manager; that he entered upon the duties of said office while occupying the office of mayor, and as city manager was paid a salary of $125 per month from October 1, 1933, to and including the month of November, 1934, or a total sum of $1,750. Plaintiff seeks to recover the sum of $3,500.

Plaintiff contends that the contract entered into between the governing board and the defendant Gowdy, who was a member thereof, is void under the express provisions of the statutes and charter, but we deem it unnecessary to notice this question, since the validity of the contract is not the controlling or determinative feature of this case.

It sufficiently appears from the allegations of the petition that the defendant Gowdy entered upon the discharge of the duties of the office of city manager by virtue of authority from the board, which was authorized to appoint a city manager. There is no allegation in the petition of his failure faithfully to perform the duties of the office; neither is it alleged that there was a de jure officer claiming the title to the office of city manager during the period in which defendant Gowdy occupied such office and received the salary which is the subject of the action in this case. Under the authority of the cases of Franks v. City of Ponca City, 170 Okla. 134, 38 P. (2d) 912, and Naylor v. Carter, 167 Okla. 125, 27 P. (2d) 843, these allegations were necessary.

Under the provisions of section 5965, O. S. 1931, a taxpayer, after making written demand upon the proper officials of a municipality to institute or prosecute proper proceedings for the recovery of money or property paid out or transferred in pursuance of an unlawful or void contract, may "institute and maintain any proper action which the proper officers of the county, township, city, town or school district might institute and maintain for the recovery of such property, or for said penalty." The statute is penal and must be strictly construed. State ex rel. Sweeney v. Oklahoma Natural Gas Corp., 177 Okla. 62, 57 P. (2d) 626. Since the allegations of the petition fail to disclose a ground of recovery in behalf of the municipality, the trial court did not err in sustaining a demurrer to the petition and dismissing the action.

The judgment is affirmed.

McNEILL, C. J., and RILEY, CORN, and GIBSON, JJ., concur.