Retirement — Eligibility Title 74 O.S. 911 [74-911] (1968), is unconstitutional insofar as it attempts to grant a pension to a person who became totally disabled prior to January 1, 1964. The Attorney General is in receipt of your letter of June 7, 1968, wherein you question the constitutionality of Senate Bill No. 629, 2nd Session, 31st Oklahoma Legislature. Senate Bill No. 629 amends Section 11, Chapter 50 O.S.L. 1963, 74 O.S.Supp. 1967 Section 911[74-911] [74-911], sub-section (4) of which provides as follows: "Any employee with at least twenty (20) years' prior service, who was employed by a participating employer, and who became totally disabled after January 1, 1963, and before January 1, 1964, and so became totally disabled while in the employment of said participating employer, shall be eligible for equivalent retirement benefits calculated for prior service benefits. Said employee would be considered as totally disabled if said employee qualified for the payment of Social Security Disability Benefits." 74 O.S. 902 [74-902] (1967), makes the following definitions: "'Eligible employer,' State of Oklahoma . . ." `Entry Date,' the date as of which an eligible employer joins the system. The first entry date pursuant to this act shall be January 1, 1964; "'Member,' an eligible employee who is in the system and is making the required employee contributions, or any former employee who shall have made the required contributions to the system and shall have not received a refund;" "'Retirant,' a member who has retired under the system." 74 O.S. 910 [74-910] and 74 O.S. 911 [74-911] (1967), provides as follows: "An eligible employer may join the system in January of any year commencing January 1, 1964. . . ." "Any employee of a participating employer on the entry date of such employer shall be a member of the system on the entry date. . . ." It appears from the above quoted portions of the Oklahoma Public Employees Retirement Act that the State of Oklahoma is an eligible employer beginning January 1, 1964, the entry date. It further appears that a member is an eligible employee who is making the required employee contributions and that a retirant is a member who has retired under the system. A person who became totally disabled after January 1, 1963, and before January 1, 1964, became disabled before the beginning of the retirement system, made no contributions to the system, and could not, by any stretch of the imagination, become a retirant under the system for the reason that such employee never became a member of the retirement system on the entry date of the employer, the State of Oklahoma. In the case of Hawks, et aL, v. Bland, 156 Okl. 48,9 P.2d 720, the court had under consideration an act of the legislature authorizing payment to the widow of a former employee of the State, in its Highway Department, whose death was caused by a strain and injury resulting from his attempt to push a State owned automobile. In the body of the opinion, the court said: "Article X, Section 14
Constitution of Oklahoma: "'Taxes shall be levied and collected by general laws, and for public purposes only.'" Moreover, our Constitution specifically states, Article X, section 15 : "'The credit of the state shall not be given . . . to any individual, . . . nor shall the state . . . make donation by gift . . . to any company, association, or corporation.'" If invalidity appears on the face of the instrument (act of Legislature or resolution) by reason of a `gift' being thereon apparent, the courts will hold the act unconstitutional. . . . "A gift, as used in this section, intends all appropriations for which there is no authority or enforceable claim on which rests alone some material equitable obligation which in the mind of a generous or even just individual dealing with his own money might induce him to recognize as worthy of his reward. Conlin v. Supervisors, 99 Cal. 17,33 P. 753. "A gift, within the meaning of this section, is a gratuitous transfer of the property of the state voluntarily and without consideration. Yosemite State, etc., v. Dunn, 83 Cal. 264, 23 P. 369. "When an appropriation is obviously intended to benefit a particular class, to say nothing of an individual, at the expense of the public, courts will interfere. "A statute granting pensions to persons who had passed out of the public service before enactment of the statute has been held unconstitutional in jurisdictions in which gift of public moneys is expressly forbidden by the Constitution. 26 R.C.L. 69; Mahon v. Board of Edu., 171 N.Y. 263,63 N.E. 1107." To the same effect, see the cases of Carter, State Auditor, v. Thomas, 172 Okl. 558, 46 P.2d 460; Ward v. State, 176 Okl. 368,56 P.2d 136. It is therefore the opinion of the Attorney General that Senate Bill No. 629, 2nd Session, 31st Oklahoma Legislature, is unconstitutional insofar as it attempts to grant a pension to a person who became totally disabled prior to January 1, 1964, the entry date of the State of Oklahoma as an employer under the Public Employees Retirement System; that any pension paid under authority of sub-section (4), Senate Bill No. 629, would constitute a "gift" of public funds and expenditure thereof for non-public purposes violative of Section 15 and Section 4 of Article X, Oklahoma Constitution. (W. J. Monroe)