** Summary ** APPROPRIATIONS OF PUBLIC MONIES FOR NON-PUBLIC USE UNCONSTITUTIONAL An appropriation and award of public monies by a proposed American Indian Award Commission for the purpose of recognizing a member of the Indian race would be prohibited by Article X, Section 14 and ArticleX, Section 15 of the Oklahoma Constitution. The Attorney General has considered your request for an opinion wherein you set out the following: "It has been proposed that an American Indian Awards Commission be created for the purpose of annually recognizing some member of the Indian race who has made a contribution to the betterment of mankind. This would be an official commission created by law under the statutes of the State of Oklahoma. As a part of the recognition, it is proposed that a cash award be given to the Indian recognized." You then ask, in effect, the following question: In view of Article X, Sections 14 and Article X, Section 15 of the Oklahoma Constitution, would an appropriation and award of public monies to the Indian recognized be legal? Article X, Section 14, of the Oklahoma Constitution provides: "Taxes shall be levied and collected by general laws, and for public purposes only, except that taxes may be levied when necessary to carry into effect Section thirty-one of the Bill of Rights. Except as required by the Enabling Act, the State shall not assume the debt of any county, municipal corporation, or political subdivision of the State, unless such debt shall have been contracted to defend itself in time of war, to repel invasion, or to suppress insurrection." Section Article X, Section 15 provides: "The credit of the State shall not be given, pledged, or loaned to any individual, company, corporation, or association, municipality, or political subdivision of the State; nor shall the State become an owner or stockholder in, nor make donation by gift, subscription, to stock, by tax, or otherwise, to any company, association, or corporation." In order to constitute a public purpose for which money in the State Treasury may be appropriated, such purpose must not only be affected with a public interest, but must be performed by the State in the exercise of its governmental functions. Veterans of Foreign Wars of U.S., Department of Okl. v. Childers,197 Okl. 331, 171 P.2d 618. The promotion of the interests of individuals, although it may result incidentally in the advancement of the public welfare, is in its essential character a private and not a public object. Hawks v. Bland, 155 Okl. 178,9 P.2d 720. In construing Sections 14 and 15 the courts have held that the purpose of said sections is to prohibit the Legislature from making direct appropriation to individuals from general considerations of charity or gratitude or because of some moral obligation resting upon the people of the state and such as a just and generous man might be willing to recognize in his dealings with others less fortunate than himself. Hawks v. Bland, supra. A gift as used in Section 15 intends all appropriations for which there is no authority or enforceable claim on which rests alone some material equitable obligation which in the mind of a generous or even just individual dealing with his own money might induce him to recognize as worthy of his own rewards. Carter v. Thomas, 172 Okl. 558, 46 P.2d 460; Application of Oklahoma Turnpike Authority, Okl., 416 P.2d 860. It is clear that the appropriation and award of public monies by a proposed American Indian Awards Commission would come within the restrictions of Sections 14 and 15 by being an appropriation of state money for a non-public use and constituting a gift within the meaning and intent of the language therein. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. An appropriation and award of public monies by a proposed American Indian Award Commission for the purpose of recognizing a member of the Indian race would be prohibited by Article 10, Sections 14 and 15 of the Oklahoma Constitution. (Mike D. Martin)