STATE EMPLOYEES — PAYMENT OF SALARY TO INJURED EMPLOYEE — MERIT SYSTEM If a state employee covered by the Merit System is injured on the job and not covered by Workmen's Compensation, and does not have or has exhausted any accumulated sick leave, annual leave or compensatory time, the employing agency has no authority to continue salary payments to the injured employee for a period of time while said employee is unable to work. Under Merit System rules the agency may place the employee on sick leave without pay, leave of absence without pay, or educational leave with or without pay if the employee meets given criteria. If the state employee is not under the Merit System, any payment after sick leave and annual leave is exhausted must depend on the agency policy or the employee's contract of employment. However, under ArticleX, Section 15 of the Oklahoma Constitution, any payment to an individual pursuant to agency policy or a contract of employment must be predicated on services rendered to or for the State and may not constitute a gift. The Attorney General is in receipt of your opinion request wherein you ask, in effect, the following question: If a state employee is injured on the job and not covered by Workmen's Compensation, and does not have or has exhausted any accumulated sick leave, annual leave or compensatory time, may the state agency continue salary payments to the injured employee for a period of time while said employee is unable to work? For purposes of this question, state employees are divided into two classes, employees covered by the Merit System and those not covered by the Merit System. Each class will be considered separately in answering your question. Pursuant to 74 O.S. 805 [74-805](2) (1971), the State Personnel Board has created rules to govern operation of the Merit System. A previous Attorney General's Opinion concluded that in the event of an extended absence from work by an employee under the Merit System, an employee may first use all accrued sick leave, then all accrued annual leave, and then at the discretion of the employing agency, any sick leave earned by the employee that was not accredited to him because of his being at the sick leave ceiling provided by Rule 1420(4). 6 Okl.Op.A.G. 163 (No. 73-209). After that is exhausted, as contemplated in your question, a Merit System employee who meets given criteria may, at the discretion of the employing agency, be placed on sick leave without pay (Rule 1423); leave of absence without pay (Rule 1430); or educational leave with or without pay (Rule 1440). However, no Personnel Board statute or rule authorizes payment of salary to an employee who is not working or is not receiving some accrued form of leave with pay. Any salary payment to a Merit System employee contrary to the rules or statutes constitutes a misdemeanor and is expressly prohibited by 74 O.S. 819 [74-819] (1971), to-wit: "Any person who wilfully violates any provision of this Act or of any rule or regulation adopted pursuant to the authority herein granted shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than Fifty Dollars ($50.00) nor more than One Thousand Dollars ($1,000.00), or by imprisonment for not longer than six (6) months or by both such fine and imprisonment." Employees not covered by the Merit System are governed either by the policies of their employing agency or by the terms of their individual contract of employment. However, Article X, Section 15 of the Oklahoma Constitution, provides that the State may not make a gift to a private individual. Carter v. Thomas, Okl., 46 P.2d 460 (1935). Therefore, any payment by the State to an individual pursuant to an agency policy or an individual contract of employment must be predicated on services rendered to or for the State. This reasoning also applies to employees covered under the State Salary Administration Act, 74 O.S. 701 [74-701] (1971), et seq., because no statutory direction is given on payments after all sick leave and annual leave is exhausted. It is, therefore, the opinion of the Attorney General that your question be answered as follows: If a state employee covered by the Merit System is injured on the job and not covered by Workmen's Compensation, and does not have or has exhausted any accumulated sick leave, annual leave or compensatory time, the employing agency has no authority to continue salary payments to the injured employee for a period of time while said employee is unable to work. Under Merit System rules the agency may place the employee on sick leave without pay, leave of absence without pay, or educational leave with or without pay if the employee meets given criteria. If the state employee is not under the Merit System, any payment after sick leave and annual leave is exhausted must depend on the agency policy or the employee's contract of employment. However, under ArticleX, Section 15 of the Oklahoma Constitution, any payment to an individual pursuant to agency policy or a contract of employment must be predicated on services rendered to or for the State and may not constitute a gift. (Daniel J. Gamino)