OPINION OF THE COURT
DARRELL DOWTY, Chief Justice.
The Petitioner has filed an Application lor Declaratory Judgment asking this Court to declare 1) Whether Justice Viles is a properly seated Justice of the Judicial *2 Appeals Tribunal, and 2) Whether it is proper for Justice Viles to receive compensation if it is found that he is not a properly seated Justice of the Judicial Appeals Tribunal. Justice Viles has recused himself from the proceedings and appears pro se as Respondent, The Cherokee Nation sought and received leave of the Court to intervene and has filed its Brief by Mr. Julian Fite, General Counsel.
Justice Viles was last affirmed by the Council on December 12, 1004, to serve a term of six (6) years which term for judicial office no. three (3) expired on December 31, 2000. In the interim, this Court adopted Court Rule 79 on December 23, 1998, which provided that a justice would remain in office until a successor was duly appointed and confirmed. Rule 79 was unilaterally rescinded by Justice Birdwell on January 31, 1999. On December 15, 2000, Rule 79 was reinstated by this Court and Justice Viles has “held over” office no. three under authority of that Rule to the present time.
Justice Viles was re-nominated for the present term by Chief Smith on November 28, 2000. The nomination passed the Rules Committee of the Council on February 15, 2001 but was rejected by the Council on March 12, 2001. There was then an extended period of time during which no nomination was forthcoming from the Executive Branch. This prompted the , passage of LA 24-01 by the Council, effective July 20,2001, which amended Sections 32 [1] and 33[2] of the Cherokee Nation Code Annotated (CNGA), providing:
“ § 32. The Principal Chief shall, within ninety (90) days prior to the expiration of the Justice’s term, submit to the Council a nomination to fill such term. The Council shall, upon receipt of the nomination, consider said nomination and shall either confirm or disapprove said nomination. In the event of disapproval by the Council of the nomination. The Principal Chief shall not resubmit the same nominee for consideration by the Council.
§ 33. The term of office for Justices of the Judicial Appeals Tribunal shall be six (6) years. The Judicial Appeals Tribunal shall be composed of three (3), judicial offices. The term of office number one shall expire December 31, 1996 and every six (6) years thereafter, the term of office number two shall expire December 31, 1998 and every six (6) years thereafter, and the term of office number three shall expire December 31, 2000 and every six (6) years thereafter. In no event shall the term of any office/Justice extend longer than the express six (6) year term of office.
... the term of any presently presiding Justice shall not extend beyond the express six (6) year term of office, unless and until said Justice has been reappointed as provided by Title 20 Cherokee Nation Code Annotated § 32.”
Thereafter, in October, 2001, Justice Viles was re-nominated and his nomination *3 was rejected by the Rules Committee of the Nation on November 15, 2001. Then, another nominee was proposed and rejected by the Rules Committee, and, in April, 2002, Justice Viles was again nominated and his nomination was rejected by the Council. At the time of the hearing subject to this Order, the position of Justice of office no. 3 remained unfilled and Justice Viles was performing the duties of the office by authority of Court Rule 79. Petitioner maintains that LA 24-01 prevails over Rule 79 and that Justice Viles is not properly seated as a Justice of this Court. The Respondent takes that position that Rule 79 is appropriate and necessary and that LA 24-01 is unconstitutional in that it sets up a procedural mechanism by which this Court could cease to function due to the inaction and disagreement of the other departments of the Government. He further emphasizes that the Act contains no “severability” clause and that if any part thereof is found to be unconstitutional, the whole of the Act must fail.
Article VII of the Constitution of the Cherokee Nation (1975) creates the Judicial Appeals Tribunal and provides that it shall be composed of three (3) members ... appointed by the Principal Chief and approved by the Council for such terms as the Council may provide.”
Article IV of the Constitution provides that “The powers of the government of the Cherokee Nation shall be divided into three (3) separate departments: Legislative, Executive and Judicial; and except as provided in this Constitution, the Legislative, Executive and Judicial departments of government shall be separate and distinct and neither shall exercise the powers properly belonging to either of the others.”
Article V, Section 7 provides that “The Council shall have the power to establish laws which it shall deem necessary and proper for the good of the nation, which shall not be contrary to the provisions of this Constitution.... ”
The Judicial Department of the Nation is the only branch that is dependent upon the other branches for the nomination and confirmation of its members. The Legislative members are elected and serve until their “successor[s][are] duly elected and installed”.[3] The Principal Chief is also elected.[4] Historically, the number of members of courts of appellate review are composed of “odd-numbered membership to avoid tie-votes” and indecision in litigation. Both prior to, and since the enactment of LA 24-01, and under the Statutory scheme of Title 20. SS 32-33 then existing, this Court has suffered protracted periods of time with less than the full number of Justices on the bench. This situation has placed in jeopardy the resolution of litigation pending before the Court both in terms of the possibility of a tie vote by the Justices and delay due to increased case loads upon the individual members. Neither LA 12-S5 nor LA 24-01 provide for the continued viability of this Court by an assured means of keeping the membership at full strength at all times. The Constitution provides for a Court of three (3) members and we agree with the reasoning in Order AD-98-07 which first promulgated Rule 79, that Article VII of the Constitution “is mandatory, and not discretionary regarding both the establishment, and the maintenance, of the Judicial department of the government of the Cherokee Nation composed of three (3) justices of the Tribunal,” [emphasis ours] Further, Rule 79 does not “extend the term of office” of the Justices, but under estab *4 lished case precedent, the incumbent holding over is in for no term, but holds the office only temporarily until the vacancy can be filled by competent authority.[5]
Justice Philip Viles held over office no. three(3) under color of authority of Court: Rule 79 as a Justice De Facto.[6]
There is no allegation in the Application for Declaratory Judgment that Justice Viles did not continue to fulfill his duties as a Justice on the Judicial Appeals Tribunal and this Court takes judicial notice that Justice Philip Viles faithfully fulfilled his duties as a Justice on the Judicial Appeals Tribunal during the holdover period. The numerous jurisdictions reviewed by this Court concerning the issue of compensation during the holdover period unanimously stated, “A de facto officer who has performed the duties of his office may recover the salary thereof, where there is no de jure officer claiming the office.” Franks v. Ponca City, 170 Okla. 134, 38 P.2d 912 (1935). We would urge the Council to enact a statutory scheme which would provide for the approval of a successor prior to the expiration of the term of judicial office. However, in the absence of a successor approved to take office at the expiration of the term, 20 CNCA App. Rule 79 shall take effect and the incumbent shall hold over as an until a successor is duly qualified and takes the oath of office.
We, THEREFORE, answer the Application for Declaratory Judgment as follows:
Justice Viles lawfully held over office no. 3 of the Judicial Appeals Tribunal as a Justice de facto pursuant to Title 20 CNCA App. Rule 79 until Ms departure from the Court upon the Court upon the qualification and seating of his successor.
2) The payment of the full stipend by the Cherokee Nation to Justice Philip Viles during the hold over period was proper.
CONCUR: DARELL R. MATLOCK, JR., Justice.

. LA 12-85 § 102, Eft. August 12, 1985
§ 32. Nomination of Justices—-The Principal Chief shall, within ninety days of the expiration of the justice’s term, submit to the Council a nomination to fill such term. The Council shall, upon receipt of the nomination, consider said nomination and shall either confirm or disapprove said nomination.

. LA 12-85 § 103, Eff. August 12, 1985
§ 33. Terms of justices—The terms for justices shall be for six years from the date of appointment provided that the term for the justice with the first seniority of commission shall expire in December 1988; the term for the justice with the second seniority shall expire in December 1986; the term for the justice with the third seniority shall expire in December 1990.

. Constitution of the Cherokee Nation (1975) Article V, § 3.

. Constitution of the Cherokee Nation (1975) Article VI, § i.

. JAT-98-07, p. 3, State ex rel. Eberle v. Clark, 87 Conn. 537, 89 A. 172, 175 (1913)
D'lhe Connecticut Court found that a judge has a right and duty to hold over and exercise the duties and functions of the office until his successor is duly selected and qualified, even where there is no explicit constitutional nor statutory provision regarding hold over. The Connecticut Supreme Court explained this rule of law as follows: The public interest requires that such officers shall hold over when no successor is ready and. qualified to fill the office, otherwise important public offices might remain vacant to the public detriment in the absence of statutes providing for the filling of vacancies or through the. neglect of the (appointing authorities to fill them. The rule has grown out of the necessities of the case, so that there max be no time when such offices shall be without an incumbent).

. Black’s Law Dictionary Fourth Edition defines Judge De Facto as "One who holds and exercises the office of a judge under color of lawful authority and by a title valid on its face, though he has not full right to the office.”