**CITY of WEWOKA, by and through its agents and representatives, Dudley H. Culp, Russell Thomas, Raymond W. Reed, Trustees and M. M. Sebastian, City Treasurer and Clark, Plaintiff in Error,**

v.

**W. A. BILLINGSLEY, C. L. Billingsley and Allen G. Nichols, Defendants in Error.**

**No. 37981.**

Supreme Court of Oklahoma.

Oct. 21, 1958.

Rehearing Denied Nov. 18, 1958.

R. C. Cox, Wewoka, for plaintiff in error.

Allen G. Nichols, Wewoka, for defendants in error.

WILLIAMS, Justice.

W. A. Billingsley, C. L. Billingsley, and Allen G. Nichols recovered a judgment in the trial court against the City of Wewoka, a municipal corporation, in the amount of $3,582.57, and for the payment to plaintiffs of one-half of all sums to be thereafter collected by City for water from residents of Brookhaven Addition, a sub-division adjacent to City, under the terms of a written contract executed by the parties on the 6th day of March, 1950. The City appeals.

For convenience, we refer to the parties as plaintiffs and defendant as designated in the trial court.

Plaintiffs contend that the contract is valid and legal, that they have performed all of their obligations thereunder, and that under the audit made by the defendant, the amount of the recovery is not in dispute.

Defendant contends that the contract is void under applicable provisions of the Oklahoma Constitution and the charter and the ordinances of the City of Wewoka, and therefore unenforceable.

The contract above referred to on behalf of the defendant was signed by its then Mayor, Commissioner of Finance, and Commissioner of Public Works, was attested to by its City Clerk, and approved as to form and legality by its City Attorney.

Contemporaneously with the execution of the contract the plaintiffs submitted an instrument designated "Option For Purchase of Water and Sewage Mains". It bears the signature of plaintiffs, but not of the officers of the City of Wewoka.

In the preamble of the contract it is recited that plaintiffs are the owners of 35.-46 acres of land lying adjacent to the incorporated City of Wewoka, which has been platted for townsite purposes, referred to as Brookhaven Addition to the City of Wewoka; that plaintiffs are desirous of having the addition annexed to the City of Wewoka; that the Federal Housing Administration has approved the construction of homes (residences) in the addition; that it becomes necessary for plaintiffs at their sole expense and without cost to the City of Wewoka to provide the addition with sewer lines, fire plugs and manholes and water lines to serve residences to be erected in the addition, at an estimated cost of $20,000, and whereas the City agrees to furnish and supply water for residents of the sub-division, which water plaintiffs agree to purchase, the contracting parties agree as follows:

Plaintiffs lease and let to the City of Wewoka, all their rights, title and interest in and to the material, labor and engineering expense incurred or to be incurred in the construction of the sewer and water lines in said addition; that the City of Wewoka agrees to maintain said equipment and lines in like repair as like installations within the city limits. The City of Wewoka, in consideration of the leasing and letting of said lines to it, agrees to furnish water for all residences constructed in said addition, and agrees to deliver to plaintiffs a sum equivalent to and equal to one-half of all revenue collected by the City for water supplied through said water lines; and that the sums so collected by the City for the use and benefit of plaintiffs shall be paid to plaintiffs on the 10th day of each month of the successive calendar years during the life of the contract, or until the sums expended by plaintiffs in said construction shall have been liquidated in full. The contract shall terminate within 10 years from the date of its execution or as soon as the costs of the construction referred to have been liquidated. Said mains and equipment installed by plaintiffs shall become the property of the City upon the liquidation and payment of the sums referred to. Additional provisions of the contract not specifically referred to have no direct bearing upon the issue presented.

The defendant does not contend otherwise but tacitly admits that plaintiffs complied with all of the terms and conditions of the contract. The record also discloses that the City of Wewoka complied with the obligations thereunder, save and except the payment to plaintiffs of one-half of the water rentals collected by it monthly from its patrons in the Brookhaven Addition.

After demands made that the City pay over to plaintiffs the one-half of the water rentals due them, and some six and one-half years later there was filed the present action, wherein plaintiffs asked the court to construe the contract and for an accounting to ascertain the amount due them and prayed judgment for said amount.

Upon the trial the defendant City submitted a statement which reflected that it had collected the sum of $7,165.57 under the contract. Judgment was entered for plaintiffs for one-half of said amount and for one-half of such future collections from which judgment the City of Wewoka appeals, asserting that the contract is void under the provisions of its charter and ordinances, and prohibited under Sections 26 and 27 of Article 10 of Oklahoma Constitution.

■ Under the facts here presented, the City of Wewoka was acting in a proprietary rather than in a governmental capacity. Under Oklahoma Constitution Article 18, Sec. 6, the City was empowered "to engage in any business or enterprise which may be engaged in by a person, firm, or corporation by virtue of a franchise from said corporation."

Under Sec. 291 of Title 11, O.S.1951, cities and towns are "authorized and empowered to * * * lease, rent, manage and maintain" a "system of water works * * * for domestic purposes; * * *."

This court in Fretz v. City of Edmond, 66 Okl. 262, 168 P. 800, L.R.A.1918C, 405 said:

"Municipal corporations in operating a water plant exercise business and administrative functions, rather than those strictly governmental in their na-

ture, and in the exercise of such functions are governed largely by the same rules applicable to individuals or private corporations engaged in the same business."

The record disclosed a stipulation of the parties that the City of Wewoka from 1950 to the date of the trial did not set up in its yearly budgets items out of which funds the City could make disbursements to plaintiffs under the contract and further that the City did not submit the matter of approval of the contents here involved to the vote of the people.

The City Clerk and Treasurer of the defendant as a witness did not produce testimony as to how the collections of water revenue from Brookhaven Addition were set up on the City's books. Apparently, plaintiffs' claimed one-half was not set apart, however.

■ We come then to a consideration of defendant's contentions that plaintiffs' cause of action must fail under Sec. 26 and Sec. 27 of Article 10 of the Constitution of Oklahoma. Said Section 26 in part provides that "no * * * city * * * shall be allowed to become indebted * * * for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election to be held for that purpose, * * *." Said Sec. 27 provides, in part, that a "city * * * may, by a majority of the qualified property tax paying voters of such city * * * be allowed to become indebted in a larger amount than that specified in section twenty-six, for the purpose of purchasing or constructing public utilities, * * *."

Each of the foregoing sections make provision for the collection of an annual tax to pay the interest on such indebtedness as it falls due, and to constitute a sinking fund for the payment of the principal.

Under our construction of the contract, we are of the view that the City of Wewoka's reliance upon Sections 26 and 27 of Article 10 of the Constitution cannot be

sustained. This for the reason that its contract does not create a debt within the purview of said constitutional provisions. The contract does not obligate the City to expend any of its funds or revenue derived from ad valorem taxation or otherwise. It simply provides that out of collections of water rentals from residents in Brookhaven Addition, it shall set over and deliver to plaintiffs one-half thereof, monthly.

■ The defendant City further argues that the contract is unenforceable under the Wewoka City charter. The charter under its article II, section 16, provides that purchases and sales over $5,000.00 must be voted on by the electors of the City.

■ In that connection we think the City is in error, as the contract does not disclose a purchase and sales agreement. As we have noted, it recites that the sewer and water mains and equipment shall "revert" to the City upon the liquidation and payment of the amount expended for their construction. The title to these installations remained in the plaintiffs, with a "reverter" to the City when and if the water rentals liquidated the cost of their construction or, by admission of plaintiffs, after expiration of ten years from execution of the contract. Neither do we think that defendant's reliance upon its ordinance is well taken. The ordinance relied upon, Chapter XVI, Section 543(e) provides:

> "The City of Wewoka shall not be liable for the maintenance of any water main or service pipe lying outside of the corporate limits of said City, and the right is reserved to discontinue water service through any such main or service line which causes a waste or leakage of water."

The answer to that contention is that the defendant has not elected to avail itself of that privilege, but on the contrary, is continuing to supply water to the addition.

In Selected Investments Corp. v. City of Lawton, Okl., 304 P.2d 967, a recovery of specific property was sustained in a replevin action on the theory defendant City wrongful detained water mains, the ownership and title of which remained in the plaintiff.

In the case now before us, the plaintiffs seek recovery of money being rental for water mains, the ownership of or title to which remained in plaintiffs and which rentals defendant wrongfully retains.

We think the principles and rules of law to be applied are aptly stated in the opinion of the Supreme Court of Mississippi at its April term in 1874, in the case of Methodist Episcopal Church South of Vicksburg v. Mayor and Aldermen of City of Vicksburg, 50 Miss. 601:

> " * * * The doctrine of implied municipal liability to all cases where money or property of a party is received under such circumstances, that the general law, independent of express contract, impose the obligation upon the city to do justice with respect to the same. If the city receives money or property which does not belong to her, it is her duty to restore it to the true owner, or if used by her, to render an equivalent to the true owner; from the like general obligation, the law, which always intends justice, implies a promise."

We find no error in the proceedings had and judgment entered in the trial court, and therefore, the judgment is affirmed.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, BLACKBIRD and CARLILE, JJ., concur.

JACKSON, J., dissents.