C. D. POTTER and Robert O. Pratt, Plaintiffs in Error,

v.

The CITY OF PAULS VALLEY, Oklahoma, a Municipal Corporation, Defendant in Error.

No. 41620.

Supreme Court of Oklahoma.

Jan. 23, 1968.

R. B. Gavin, and C. H. Bowie, Pauls Valley, for plaintiffs in error.

Chas. E. Jackson, Asst. City Atty., Pauls Valley, as per contract, for defendant in error.

BLACKBIRD, Justice.

This action was commenced by plaintiffs in error, hereinafter referred to as "plaintiffs", against the defendant in error, hereinafter referred to as "defendant", or "City", to recover possession, or the value, of certain pipe, valves, and other personal property of a similar nature, constituting the water distribution system of the Hillcrest Addition to the defendant city.

At the trial, the court sustained defendant's demurrer to the evidence on the ground that the action was barred by limitations. After the overruling of their motion for a new trial, plaintiffs perfected this appeal.

Plaintiffs' position, stated generally, is that the trial court's judgment is both contrary to law and to the evidence; while defendant contends that said judgment is correct, primarily because the evidence shows that it exercised dominion and control over plaintiffs' said water system many years before plaintiffs' attempt to regain possession of it by this action.

The Hillcrest Addition was platted and developed by F. P. Diffie and Johnny Diffie, who owned the land. Said addition was

taken into the defendant City by an ordinance passed in March, 1950. Plaintiff, Potter, who was developing the Addition, purchased lots for that purpose from the Diffies and received deeds thereto as he paid for them, constructing the water system as necessity dictated (to serve the houses he was building) under an oral agreement with the defendant City's governing body that he would be reimbursed for the cost of the system out of revenue it would collect by charging $3.00 each time the system was "tapped" to serve a residence.

In 1952, the City desired to serve its disposal plant from Potter's water system, and in order to accomplish this, defrayed the six-hundred-dollar cost of laying a six-inch line from the system, under a highway, to the City's water tower.

In 1953, figures were submitted to the City, representing that the cost of the water system had been more than $16,000.00 in its "as-is" condition; and, as late as 1957, efforts were made on behalf of Potter to have his previous oral agreement with the City reduced to writing, and formally entered into with the City's governing body, but there was never any meeting of the minds as to just what total cost figure should be used, and these efforts proved of no avail. In the meantime, however, the City's water department continued to collect $3.00 each time a residence in the Hillcrest Addition was connected with the water system, and this money went into the City's general revenue funds. None of it, however, was ever paid to plaintiffs, unless its payment of the hereinbefore mentioned $600.00 may be so considered.

Thereafter, in May, 1959, the present replevin action was commenced.

At the hearing of plaintiffs' motion for a new trial, the attorney for the City indicated that the City took the same position it now assumes, that is, that plaintiffs never had an enforceable contract with the City, and, on the basis of answers plaintiffs' witnesses, Mr. Sacra, defendant's City Clerk gave on direct examination, and Mr. John-

son, the City's Water Superintendent, gave to leading questions eliciting answers in the nature of legal conclusions, asked said witness on cross examination, that the City began "asserting dominion" over the Hillcrest Addition's water system at least as early as 1952, because that was the beginning of the City's exclusive operation of said Addition's water system (in connection with the rest of the Pauls Valley water system) and its collection of the hereinbefore mentioned $3.00 "tap", or connection fees without paying over any of said money to plaintiffs since that year.

In his oral remarks, at the hearing, the trial judge expressed the opinion that the City's "non-payment" under the hereinbefore mentioned agreement with Potter, constituted a "repudiation" of such agreement, and that plaintiffs' cause of action was barred (at the latest) two years after the City, in 1953, had considered contracting to pay Potter for the system in its "as-is" condition.

Both the trial judge, and defense counsel, appear to have misconceived the true nature of plaintiffs' cause of action; and defendant's brief herein fails to recognize the differences between a replevin action and an action on an express contract. As plaintiffs pointed out in the trial court, and reiterate in their briefs, the plaintiff in a replevin action needs only to prove his right to possession of the property sought to be replevied; and the evidence with reference to Potter's agreement with the City was pertinent only in so far as it tended to establish that right, and to show how the City came into possession of the Hillcrest water system (and that this was not as an owner, but in a capacity more like a tenant, with the right to purchase, or a conditional sale vendee, or bailee) and that, in view of the fact that it has not kept this agreement, it no longer has any right to possession of the system. In this connection see Selected Investments Corporation v. City of Lawton, Okl., 304 P.2d 967, 976. Despite the hereinbefore mentioned testimony of Messrs. Sacra and Johnson, there is no evidence

that the City ever claimed to own, or to have title to, the Hillcrest water system. Nor is there any evidence (other than the fact that it has not paid, or remitted, to plaintiffs any of the "tap" fees it has collected, and that it defended this action) that the City has claimed the right to continue its present "dominion" (if it may be called that) over said system indefinitely, or without eventually reimbursing plaintiffs for the cost of it. In view of the above and the fact that plaintiffs are not attempting to enforce any express contract with the City, defendant's arguments are irrelevant, as shown by our opinion in the Selected Investments Corporation Case, supra, where, as to the S.I.C. Addition, there was no more than a partially executed *oral* agreement. Here, as in the cited case, there has never been, as far as the record shows, any refusal by the defendant City of a demand by plaintiffs that it relinquish to them its possession of the Hillcrest water system, unless this occurred shortly before this action was filed; nor has the City made any claim of ownership to it adverse to plaintiffs' ownership, or ever repudiated plaintiffs' title. The City's failure to fulfill its oral agreement to remit to plaintiffs the "tap" fees it has collected (to the extent of reimbursing plaintiffs for the system's cost) though it might be considered a "repudiation" of that agreement (as the trial judge evidently thought) it is not sufficient proof, in and of itself, of a repudiation, or denial, of plaintiffs' title and right to possession, to start any period of limitations running on plaintiffs' cause of action in replevin—though it might be otherwise, if plaintiffs were attempting to enforce their oral contract with the City. In this kind of an action, the City's duty is measured—not by that contract—but simply by its obligation to restore to its rightful owners, property used by, but not belonging to, it. In this connection, see the quotation from the Methodist Episcopal Church South of Vicksburg v. Mayor and Aldermen of the City of Vicksburg, 50 Miss. 601, appearing in City of Wewoka v. Billingsley, Okl., 331 P.2d 949, 953.

In accord with the foregoing views, we hold that the trial court's judgment that this action was barred by limitations was error. We express no opinion on the sufficiency of the evidence, in other respects, to support a recovery for plaintiffs.

The judgment of the trial court is hereby reversed, and this cause is remanded to said court with instructions to set it aside and to proceed in a manner not inconsistent with the views herein expressed.

JACKSON, C. J., and IRWIN, V. C. J., and DAVISON, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.