507 P.2d 384

**WALKER BANK AND TRUST COMPANY,**
a Utah bank and trust company, Sub-
stituted Plaintiff and Appellant,

v.

Wesley S. BURROWS et al., Defendants
and Respondents,
and
Estella McArthur, Intervenor.

No. 12873.

Supreme Court of Utah.

March 6, 1973.

Jones, Waldo, Holbrook & McDonough, Roger J. McDonough, J. Wendell Bayles, Salt Lake City, for substituted plaintiff and appellant.

Michael W. Park, Cedar City, Armstrong, Rawlings, West and Schaerrer, Salt Lake City, for Producers Livestock Marketing Assn.

TUCKETT, Justice:

This is an action to determine the priority of rights and the interest in cattle between the defendant-respondents, Gale C. Bailey, McKay G. Bailey, LaFaye Bailey, Gloria Bailey, Terrill W. Bailey and Colleen Bailey (hereinafter called the Baileys), who had sold the cattle under a conditional sales contract, and Walker Bank, which had loaned money to the conditional buyer Wesley S. Burrows. From an adverse decision in the court below the plaintiff has appealed.

On or about June 28, 1966, the Baileys entered into an installment sales contract with one Wesley Burrows for the sale of Baileys' ranch including 311 cows and 12 bulls. Burrows took possession of the livestock on June 30, 1966, and retained possession until sometime in 1968 when the Baileys repossessed the ranch and cattle. On June 15, 1966, Walker Bank made a loan to Burrows in the sum of $80,000. The loan was secured by a chattel mortgage from Burrows to the bank covering 700 head of cattle which Burrows was purchasing. One June 21, 1966, Walker Bank filed a financing statement with the Secretary of State listing Burrows as debtor and the bank as creditor. On or about December 29, 1966, Burrows executed and delivered to Walker Bank a security agreement covering 700 head of cattle located in Washington, Kane and Garfield counties. On February 8, 1967, Walker Bank filed a financing statement with the Secretary of State listing Burrows as debtor and the bank as creditor and described cattle bearing the "pitchfork" and "scissors" brands as security. Out of the proceeds of the loan the Baileys were paid the sum of $20,000 on the installment sale contract. The financing statement and the chattel mortgage above referred to were before this court in the case of Wilson v. Burrows[1] decided on May 16, 1972.

After a trial of the issues the court below made a finding to the effect that 311 cows and 12 bulls were delivered by the Baileys to Burrows on or about June 30, 1966, and remained in the possession of Burrows until sometime in 1968, when Baileys repossessed the ranch and cattle. On May 26, 1967, Baileys filed a financing statement with the Secretary of State covering the livestock in question.

It is quite clear that the Baileys did not perfect a security interest in the livestock in question by retaining possession and they did not perfect a security interest by filing a financing statement with the Secretary of State until after Walker Bank's filing. The record shows that Walker Bank perfected its security interest pursuant to the provisions of Section 70A–9–302, U.C.A.1953, as amended, prior to the filing of the financial statement by the Baileys. We therefore conclude that the security interest of the bank is prior to that of the Baileys.

The decision of the court below is reversed and the court is directed to enter findings, conclusions and judgment in accordance with this opinion. Appellant is entitled to costs.

CALLISTER, C. J., and ELLETT, and CROCKETT, JJ., concur.

HENRIOD, J., dissents.

---

1. 27 Utah 2d 436, 437 P.2d 240.